(No. 35032.—

CHESTER DEAN HENSON *et al.,* Appellees, *vs.* JOHNNIE LEE JOHNSON *et al.*—(ILLINOIS PUBLIC AID COMMISSION, Intervening Petitioner, Appellant.)

*Opinion filed March 20, 1959—Rehearing denied May 19, 1959.*

BRISTOW, J., took no part.

LATHAM CASTLE, Attorney General, of Springfield, (MADALYN MAXWELL, of counsel,) for appellant.

LAWRENCE B. MOORE, of Paris, and HANSFORD C. MANN, of Terre Haute, Indiana, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This action was brought on behalf of several minor children to recover damages for injuries they suffered in an automobile collision. The Illinois Public Aid Commission filed a petition in the case alleging that it was providing public assistance in substantial amounts to Judy Calvert, one of the plaintiffs, at the time of the accident and was continuing to furnish such assistance to her. The petition prayed that the court enforce the statutory charge, provided by section 8—19 of the Public Assistance Code, (Ill. Rev. Stat. 1957, chap. 23, par. 819,) against any judgment that might be recovered on account of Judy Calvert. An answer denying the allegations of the petition was filed by the plaintiffs. The matter was heard on stipulated facts. The court entered judgment denying the petition, and found that there was no just reason for delaying enforcement of or appeal from its judgment. The Commission appeals directly to this court because the State is interested. Ill. Rev. Stat. 1957, chap. 110, par. 75.

Section 8—19 of the Public Assistance Code provides: "The Commission shall have a charge upon all claims, demands and causes of action for injuries to an applicant for or recipient of assistance for the total amount of assistance provided for the recipient and his dependents from the time of injury to the date of recovery upon such claim, demand or cause of action. * * * The charge shall attach to any

verdict, judgment or decree entered and to any money or property which may be recovered on account of such claim, demand, cause of action or suit from and after the time of the service of the notice. On petition filed by the Commission or by the recipient, or by the defendant, the court, òn written notice to all interested parties, shall adjudicate the rights of the parties and enforce the charge. This section shall not affect the priority of an attorney's lien under 'An Act concerning attorney's lien and for enforcement of same,' filed June 16, 1909, as amended."

It was stipulated that between the date of the accident and the date of the hearing the Commission had paid certain sums aggregating more than $2,000 to Judy Calvert's mother on behalf of Judy. These payments were made under article VI of the Public Assistance Code which deals with aid to dependent children. It would thus appear that the conditions that give rise to the statutory charge have been satisfied. It is argued, however, and the trial court held, that the charge is not applicable to public assistance furnished under article VI of the Code.

The argument is based upon the fact that article V, (Old Age Assistance) article VII, (Blind Assistance) and article VIIA, (Disability Assistance) of the Code each contain provisions that are not found in article VI. Section 7A—5 is illustrative. It provides: "The Commission shall pursue the legal procedure necessary to collect the claims provided for in Sections 7A—4 and 7A—4.1 of this Article, Sections 8—10, 8—18 and 8—19 of Article VIII and Section 1—12 of Article I. Except for such matters as the Commission may refer to the appropriate State's Attorney under the provisions of Sections 1—12 and 2—2K of this Code, the Attorney General of the State, at the request of the Commission, shall take the necessary proceedings and represent the Commission in respect to any matter arising under the Sections herein enumerated." Ill. Rev. Stat. 1957, chap. 23, par. 755; see also pars. 508 and 707.

We do not agree that the absence of a similar provision in article VI means that the provisions of article VIII, including section 8—19, are not applicable to assistance granted under the aid-to-dependent-children program. Article VIII is entitled "General Provisions Applicable to Assistance Under Articles V, VI, VII, and VIIA." Its provisions refer to all of the categorical aid programs of the Commission. It authorizes the Commission to recover overpayments made because recipients have failed to notify the Commission of changes in status or resources that would have reduced the amount of assistance payable. (Section 8—10.) And it authorizes recovery of assistance payments procured by fraud. (Section 8—18.) We see no reason to believe that because the General Assembly failed to reiterate in article VI the Commission's duty to recover in these instances, it intended to repeal the duty that it had imposed in article VIII.

The purpose of enacting the provisions relied upon was not to vitiate the recovery provisions of article VIII, but to distribute responsibility for the enforcement of those provisions among the appropriate governmental units and to authorize them to call upon the appropriate law officer to enforce them. Section 4—14.1 is a similar provision relating to general assistance. (Ill. Rev. Stat. 1957, chap. 23, par. 414.1.) It places responsibility in some instances upon the supervisor of assistance, in some upon the county welfare department, and in some upon the Commission. And it provides for enforcement by the State's Attorney or by the Attorney General. In the same manner, sections 7—7 and 7A—5 provide that certain matters may be referred to the State's Attorney for enforcement, while others are to be referred to the Attorney General. The absence of a similar provision in article VI does not affect the validity of the Commission's charge upon any judgment that may be recovered.

It is also argued that the reference in section 8—19 to

"assistance to the recipient and his dependents" excludes a minor child who receives aid to dependent children because such a child would not have dependents. There are many answers to this argument, but it is sufficient to point out that section 6—1 of the Code defines a dependent child in part as "a needy child * * * receiving assistance under this Article." (Ill. Rev. Stat. 1957, chap. 23, par. 601.) One who is receiving assistance is a recipient.

It follows that the circuit court erred in dismissing the Commission's petition, and that the cause must be remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Mr. JUSTICE BRISTOW took no part in the consideration or decision of this case.