(No. 37979.— )

Lauraine Beck, Appellant, *vs.* Buena Park Hotel Corporation.—(Illinois Public Aid Commission, Appellee.)

*Opinion filed January 22, 1964.—Rehearing denied March 16, 1964.*

344

THOMPSON & THOMPSON, of Chicago, (PAUL E. THOMPSON, of counsel) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, EDWARD A. BERMAN, and RICHARD A. MICHAEL, Assistant Attorneys General, of counsel,) for appellee.

Mr. CHIEF JUSTICE KLINGBIEL deivered the opinion of the court:

Lauraine Beck, a recipient of old age assistance, recovered a judgment of $4000 against Buena Park Hotel Corporation for personal injuries. The Public Aid Commission asserted a lien thereon for old age assistance payments in the amount of $1184 and for a "medical capitation" charge in the amount of $800. From an order of the superior court of Cook County directing the clerk to pay these sums from the proceeds of the judgment she appeals directly to this court, a constitutional question being involved.

The $1184 amount had been paid to appellant as old age assistance during the period from the time of her injury, on March 20, 1961, to May 10, 1963, the date the judgment was paid. The $800 amount claimed as a "medical capitation" charge had never been received by her but represents a *per capita* assessment against the account of each recipient for the estimated medical needs of public assistance recipients as a whole.

Section 8—19 of the Public Assistance Code provides in part that "The Commission shall have a charge upon all claims, demands and causes of action for injuries to an applicant for or recipient of assistance for the total amount of assistance provided for the recipient and his dependents from the time of injury to the date of recovery upon such claim, demand or cause of action." (Ill. Rev. Stat. 1961, chap. 23, par. 819.) Section 8—17 provides for a Medical Payment Fund into which the Commission pays monthly an amount equal to the estimated cost of medical services and supplies to be provided to all recipients of assistance. The *per capita* amount necessary for this purpose is called a "medical capitation payment," and the section states that "The amount designated by the Commission as the medical capitation payment for any month shall be charged to the assistance payment account of each recipient as the total as-

sistance paid in his behalf of such services and supplies."
Ill. Rev. Stat. 1961, chap. 23, par. 817.

Appellant claims that the statute creates an arbitrary
classification because it provides for charging only those
personal injury judgment creditors who are on relief and
does not include other plaintiffs who recover such judg-
ments. There is no merit in the contention. The constitu-
tional guaranty of equal protection is designed to prevent
discriminations that are purely arbitrary. It does not pre-
vent the adjustment of legislation to differences in situation,
but requires merely that the classification shall be based on
a real and substantial difference having a rational relation
to the subject of the particular legislation. (*People ex rel.
Heydenreich* v. *Lyons,* 374 Ill. 557.) In upholding the pres-
ent statute against a claim that it unlawfully discriminated
by exempting from the lien amounts recovered under the
Workmen's Compensation and Wrongful Death acts, this
court recently pointed out that the "validity of legislation
does not depend upon complete comprehensiveness, nor does
the constitution require that it conform to an ideal pattern
of orderliness. It is enough if the selection of subjects
for inclusion and exclusion rests upon a rational basis."
(*Donoho* v. *O'Connell's, Inc.,* 18 Ill.2d 432, 437.) We see
nothing irrational in limiting this charge to those who
have received assistance at public expense and for whose
benefit the Medical Payment Fund had been maintained.
The fact that this particular recipient did not have occasion
to use the protection thus afforded is not decisive.

Moreover there is no legal obligation upon the State to
support its poor at all, and from this it necessarily follows
that a large degree of discretion rests upon the State when
it elects to furnish relief. (*People ex rel. Heidenreich* v.
*Lyons,* 374 Ill. 557.) The provisions in question reflect an
intention to lessen the burden on taxpayers, or to enable the
State to help others in need of assistance, by requiring each

recipient, when he recovers this kind of a judgment, to reimburse the State for his proportionate part of the cost of medical protection. We do not think this scheme involves an arbitrary abuse of discretion.

Appellant next contends that the statute is unreasonable and void because there is no connection between an accident for which recovery is had, and the public assistance the plaintiff had received, and that the fund is unrelated to the claim for which the lien is given. We fail to see the necessity for such a connection. In the *Donoho* case, which upheld the validity of the lien against a contention that it was arbitrary to single out recoveries for personal injuries as its sole subject, no emphasis was placed upon the fact that the lien was for disability assistance rather than some other type of assistance. Nor has significance been given to the particular kind of public assistance rendered, in cases construing the scope of the lien. (See *In re Estate of Poole,* 26 Ill.2d 443; *Henson v. Johnson,* 16 Ill.2d 408; *Hardwick v. Munsterman,* 15 Ill.2d 564.) Appellant's contention must be rejected.

It is finally argued that even if the statute is valid, only a portion of the medical capitation payment may be included. The *Donoho* case, decided in 1960, held that where, as here, the particular recipient had received no medical care whatever the medical capitation payment may not be included in the commission's claim. In the following year section 8—17 of the statute was amended, effective August 1, 1961, to read, insofar as relevant that "In any action under this Code for the recovery of assistance against a recipient or his estate, the medical capitation payments so charged during any month or months shall be the total amount recoverable in respect to the services and supplies covered by such payments notwithstanding that a greater or lesser amount, or on or after the effective date of this Amendatory Act of 1961, no amount has in fact been ex-

pended during any such period for such purpose from the Medical Payment Fund * * *." Ill. Rev. Stat. 1961, chap. 23, par. 817.

Appellant's position is that the $800 medical capitation payment should be apportioned between the period prior to August 1 and the period after that date, and that only the part attributable to the latter period should be included in the lien. We cannot accept this construction of the statute. The language in question, while not entirely free from ambiguity, says in effect that the medical capitation payments shall be the measure of recovery for medical aid regardless of how much, if any, had actually been spent therefor. The function of a "notwithstanding" clause is not to qualify or restrict the scope of the preceding provision. Rather it enumerates or designates the conditions in spite of which the provision is to apply. We think the trial court properly included the full medical capitation charge in determining the amount of the lien.

Since no error has been shown, the order of the superior court of Cook County will be affirmed.

*Order affirmed.*