Ella METCALF, individually and on behalf of her minor children, Michael Metcalf, Sanders Metcalf, Valerie Metcalf, and Toni Metcalf, Chicago, Illinois; Amelia Dukes, Chicago, Illinois; and Annie Mae Jones, individually and on behalf of her minor children, Christine Jones, Lucy Mae Jones, Dorothy Ann Jones, Lawrence Jones, Linda Jones, and James Jones, Chicago, Illinois; all individually and on behalf of all others similarly situated, Plaintiffs,

v.

Harold O. SWANK, Director, Illinois Department of Public Aid, Chicago, Illinois; and William H. Robinson, Director, Cook County Department of Public Aid, Chicago, Illinois, Defendants.

No. 68 C 1226.

United States District Court
N. D. Illinois, E. D.

Nov. 12, 1968.

---

Robert W. Bennett, Chicago, Ill., for plaintiffs.

William G. Clark, Atty. Gen., State of Illinois, Chicago, Ill., for defendant Harold O. Swank, Thomas E. Brannigan, Asst. Atty. Gen., State of Illinois, Chicago, Ill., of counsel.

John J. Stamos, State's Atty., Chicago, Ill., for defendant William H. Robinson.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

Before SWYGERT, Circuit Judge, and ROBSON and PARSONS, District Judges.

ROBSON, District Judge:

The defendants have moved to dismiss. For the reasons set forth below, this court is of the opinion that the motions should be granted, and the case remanded to a single-judge court.

This is a class action by people on public assistance from the State of Illinois who have large families, and who live in inadequate housing that costs more than $90 per month. These plaintiffs are before this three-judge court to challenge the constitutionality of the Illinois statute which imposes a maximum shelter allowance of $90 per month for all those on public assistance. Ill.Rev.Stat. 1967, ch. 23, § 12–4.11 and § 12–14. The plaintiffs contend that the statute is void on its face and void as applied.[1]

In order to determine that a statute violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution, the statutory classification (or subclassification) must be unreasonable or arbitrary in the light of some proper legislative purpose. Johnson v. Robinson, 296 F.Supp. 1165, 67 C. 1883 (N.D.Ill. Dec. 28, 1967), at p. 7; Smith v. King, 277 F.Supp. 31, 38–40 (M.D.Ala.1967), and cases cited therein, affirmed 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). The statute involved in this case makes a broad classification which covers those people who are in need of public assistance. The legislature sought to "provide a livelihood compatible with health and well-being for persons eligible for financial aid * * *." Ill.Rev.Stat. 1967, ch. 23, § 12–4.11, clause 2. This general classification is not under attack here. However, a sub-class is created by the inclusion of the shelter allowance maximum of $90 per month, which includes the plaintiffs, and is under attack in this case.

The defendants all but concede that if the statute merely set forth a flat $90 shelter allowance maximum, it would be unconstitutional. Without a provision for exceptions, the purpose that such an across-the-board maximum would serve, namely to conserve the State's financial resources, could not be reconciled with the statute's general purpose to provide aid to needy families. The statute would meet the needs of that class of people on welfare who do not need more than $90 per month to live in adequate housing, but would *not* meet the needs of those large families (such as the plaintiffs') who cannot find adequate

---

1. The complaint sets forth the "void-as-applied" argument, but the prayer for relief makes no demand, as is necessary, that the statute be declared unconstitutional and to enjoin its enforcement on this ground. As appears below this issue will have to be resolved upon remand.

housing for $90 per month or less. This would violate the Equal Protection Clause. Cf. Collins v. State Board of Social Welfare, 248 Iowa 369, 81 N.W.2d 4 (1957); Straub v. Department of Public Welfare, 31 Wash.2d 707, 198 P.2d 817, 825–826 (1948). While the state may have the power to deny *all* aid to needy families, once it enters the field, it must do so in a non-discriminatory manner. Beck v. Buena Park Hotel Corp., 30 Ill.2d 343, 346, 196 N.E.2d 686 (1964). Phillips Chemical Co. v. Dumas Independent School District, 361 U.S. 376, 385, 80 S.Ct. 474, 4 L.Ed.2d 384 (1960).

This statute, however, is broader than that. It clearly provides for exceptions to the $90 maximum. In § 12–14, deviations from this $90 ceiling can be allowed by the Illinois Department of Public Aid, after consultation with a legislative Advisory Committee.[2] The plaintiffs contend that this provision does not save the constitutionality of the statute. They argue that these exceptions can be granted without any standards, and that this vests too much arbitrary discretion in the hands of the administrators of the public welfare system. This court does not agree.

■■ While it is true that § 12–14 does not spell out exactly what criteria the Illinois Department of Public Aid is to use in granting exceptions to the $90 maximum shelter allowance, this is not the only reading of the statute. Following the well-worn doctrine that a statute is to be construed as constitutional when such a construction is possible, e. g., Harmon v. Brucker, 355 U.S. 579, 581, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958), it is clear to this court that this statute is constitutional when read together with the purposes of the public welfare code. The Illinois Department of Public Aid

must establish standards which, as stated before, "shall provide a livelihood compatible with health and well-being for persons eligible for financial aid." The legislature in setting forth this $90 ceiling foresaw the arbitrary nature of a flat maximum and wrote into the statute the words, "except for adjustments made in the manner authorized by Section 12–14." By incorporating the procedure outlined in Section 12–14 into Section 12–4.11, the standards announced in Section 12–4.11 were not to be forgotten, but were to be the guidelines for the Illinois Department of Public Aid to follow in granting exceptions. Read in this way, no arbitrary classification is made, and the statute on its face must withstand constitutional attack. Cf. McGowan v. State of Maryland, 366 U.S. 420, 425–428, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Flemming v. Nestor, 363 U.S. 603, 611–612, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).

■ Since the statute is constitutional on its face, there are no remaining questions for a three-judge court to consider. Any questions that might remain are primarily of a factual nature, and must be resolved after remand to a single judge. Phillips v. United States, 312 U.S. 246, 253, 61 S.Ct. 480, 85 L.Ed. 800 (1941); McGuire v. Sadler, 337 F.2d 902, 906 (5th Cir. 1964); Bartlett and Company, Grain v. State Corporation Commission of Kansas, 223 F.Supp. 975, 981–982 (D.Kan.1963).

It is therefore ordered that the defendants' motions to dismiss be and they are hereby granted.

It is further ordered that this case be and it is hereby remanded to the judge to whom it was assigned for further proceedings not inconsistent with this opinion.

2. This Committee has no veto powers over exceptions granted by the Illinois Department of Public Aid. Even if two-thirds of the Committee disagree with the De-partment, the Department only has to give this determination "substantial consideration."