**Loverta ALEXANDER, individually and on behalf of her minor son Jerome Alexander, all individually and on behalf of all other persons similarly situated, Plaintiffs,**

**Georgia Townsend, individually and on behalf of her dependant daughter Omega Minor, and Omega Minor, individually, and as members of the class, Intervenors,**

**v.**

**Harold O. SWANK, Director, Illinois Department of Public Aid, William H. Robinson, Director, Cook County Department of Public Aid, Mae Withers, Supervisor, Woodlawn District Office, Cook County Department of Public Aid, William G. Clark, Attorney General of the State of Illinois, Defendants.**

**No. 68 C 2134.**

United States District Court,
N. D. Illinois, E. D.

March 28, 1969.

See also, D.C., 314 F.Supp. 1082.

Melvin B. Goldberg, Chicago, Ill., for plaintiffs.

Michael F. Lefkow, Thad B. Eubanks, and Arnold D. Breyer, Chicago, Ill., for intervening plaintiffs.

Stanley A. Bass, Chicago, Ill., and Carl Rachlin, New York City, of counsel, for plaintiffs.

William J. Clark, Atty. Gen. of Illinois, and Bernard Genis, Asst. Atty. Gen., Chicago, Ill., for defendants Swank and Clark.

Edward V. Hanrahan, State's Atty. of Cook County, and Dean H. Bilton, Asst. State's Atty., Chicago, Ill., for defendants Robinson and Withers.

### MEMORANDUM OPINION

MAROVITZ, District Judge.

Motion to Intervene as Plaintiffs

Plaintiffs' Motion to Convene a Three-Judge Court

Defendants' Motion to Dismiss

This is a class action suit brought by Loverta Alexander, until November 1, 1968, a recipient of Aid to Families with Dependant Children, (hereafter A.F.D.C.), a federally assisted welfare program administered by the Illinois Department of Public Aid, individually and on behalf of her son Jerome Alexander, who is eighteen years old and a full time student at Wilson Junior College, an accredited Junior College in Chicago, Illinois. On their own behalf and for all those similarly situated, plaintiffs are seeking declaratory and injunctive relief. Alleging a deprivation of their rights, 42 U.S.C. § 1983, plaintiffs request the convening of a three-judge federal court pursuant to 28 U.S.C. §§ 2282, 2284 in order to declare unconstitutional Ill.Rev.Stat. Ch. 23, § 4–1.1 and Illinois Department of Public Aid Regulation 150. Plaintiffs also seek injunctive relief restraining defendants from enforcing the challenged statute and regulation. Defendants have moved to strike and dismiss this complaint.

■■ *In an action of this kind, it is the duty of a single-judge court to make an initial determination as to the substantiality of the constitutional question raised by the plaintiffs, as well as to see whether the complaint formally alleges a basis for equitable relief and is otherwise appropriate for hearing by a three-judge court.* Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Landry v. Daley, 280 F.Supp. 929, 935 (N.D.Ill.1967). A constitutional question will be considered an insubstantial one if it is "obviously without merit or because its unsoundness is so clearly demonstrated by previous decisions of the Supreme Court as to foreclose the subject." *Id.* at 935.

Plaintiffs contend that the state statute and regulation in question unconstitutionally discriminate against college or university students. The challenged state statute states the eligibility requirements which a child must meet in order to be a recipient of A.F.D.C. payments. It provides:

"The child or children must be under age 18, or age 18 or over but under age 21 if in regular attendance in *high school or in a vocational or technical training school.*" Ill.Rev.Stat. Ch. 23, § 4–1.1.

Regarding age requirements, Illinois Department of Public Aid Regulation 150 provides, in pertinent part:

"Dependant children under 18 years of age, unless 18 through 20 years of age and in regular attendance in high school or vocational training school. (This does not include 18 through 20 year old children in college)."

■ Plaintiffs submit that these laws violate their right to equal protection as stated in the 14th Amendment to the United States Constitution. Under the current legal framework, one person, age 18 through 20, attending a vocational or technical training school may be eligible for A.F.D.C. payments in Illinois, while another person in the same age bracket and financial condition and with the same family background but who attends a college or university, would not be eligible. Whether the different treatment afforded these two similarly situated persons is rational and constitutional or arbitrary and unconstitutional need not, indeed, must not be settled here. Suffice it to say, the constitutional question presented is a substantial one and not foreclosed by previous judicial decision.

■ Further, in the Social Security Act, 42 U.S.C. § 606(a), Congress has provided that welfare payments may be

extended beyond age eighteen for students regularly attending college or vocational school in accordance with standards established by the Secretary of Health, Education and Welfare. Those standards are set forth in the Handbook of Public Assistance and state, in part:

"Within the age limit set by the state, there should be a choice of attending a school, college or university or taking a course of vocational or technical training for gainful employment." (Complaint, Appendix 1, at p. 2.)

Plaintiffs' second basic contention is that Illinois' law is not in conformity with the federal requirements and, therefore, in violation of the supremacy clause of the United States Constitution, Article VI, Clause 2. For this reason as well, plaintiffs present a substantial constitutional question deserving to be heard by a three-judge court.

 Defendants have raised various objections to the convening of a three-judge court. For instance, they suggest that plaintiffs have neither attempted to use or exhaust state administrative remedies. Sweeny v. State Board of Public Assistance, D.C., 36 F. Supp. 171, aff'd, 119 F.2d 1023 (3d Cir. 1941), cert. denied, 314 U.S. 611, 62 S. Ct. 74, 86 L.Ed. 491 (1941). The short answer to this point is that plaintiffs who bring an action under the Civil Rights Act, 42 U.S.C. § 1983 which raises a substantial constitutional question are not required to exhaust state administrative remedies before a three-judge court will be convened. King v. Smith, 392 U.S. 309, 312, 88 S.Ct. 2128, 20 L. Ed.2d 1118 (1968); Damico v. California, 389 U.S. 416, 417, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967). Defendants next seem to suggest that plaintiffs' arguments based on the equal protection clause of the Fourteenth Amendment and the supremacy clause have been repudiated in Snell v. Wyman, 281 F.Supp. 853 (S.D.N.Y.1968) and Metcalf v. Swank, 293 F.Supp. 268 (N.D.Ill.1968). As defendants realize, however, those cases dealt with phases of public assistance different than those challenged

here. They are no authority for the view that the particular contentions which plaintiffs raise have been considered and rejected. Significantly, in each of the cases cited by defendants, a three-judge court was convened to hear the merits of the constitutional challenge. Next, defendants contend that plaintiffs, in challenging the constitutionality of a Congressional act, failed to comply with Local Rule 22, U.S.D.C., N. D.Ill., by failing to join the Secretary of Health, Education, and Welfare. There is no merit in this position either. Plaintiffs are not challenging but relying on a federal statute, and, consequently, Local Rule 22 is not applicable. Secondly, the Secretary of Health, Education and Welfare is not required to be joined under the Federal Rules of Civil Procedure because complete relief can be afforded in his absence and his interest in the subject matter of this litigation will not be affected by this litigation nor will any parties be subjected to multiple or inconsistence litigation. Rule 19, Fed.R.Civ.P. Finally, defendants raise a series of objections to the convening of a three-judge court the thrust of which is that plaintiffs are eligible for other forms of financial assistance, including welfare payments and educational scholarships, and that the program adopted by Illinois has been approved by the Secretary of HEW in accordance with federal regulations, 45 CFR ch. II, pt. 201.3(c). Neither of these contentions precludes the convening of a three-judge court. Whether or not plaintiffs are eligible for assistance from other legitimate programs is irrelevant to their claim that they have been discriminated against under the challenged aid program. Further, the executive branch cannot validate a welfare plan promulgated under an unconstitutional state statute and regulation.

A short while before disposition was to be made on the issue presented by the plaintiffs, Georgia Townsend and her daughter, both individually and as members of the class described in the original complaint moved for leave to be·add-

ed as additional parties in the instant cause. They subsequently filed an intervening complaint which is similar to that filed originally. In addition to seeking the same relief sought by the original plaintiffs, intervening plaintiffs also ask for $1,988.70 as damages for public assistance payments improperly withheld.

 Defendants have moved to strike and dismiss this intervening complaint for the same reasons they urged upon us with regard to the original complaint. Their contentions are rejected again for the reasons stated earlier. A new contention raised by defendants is that the Illinois Constitution Art. IV, § 26, S.H. A., prohibits suits against the state, state agencies, and state officials. Defendants cite two federal cases in support: Truitt v. State of Illinois, 278 F. 2d 819 (7th Cir. 1960), cert. denied, 364 U.S. 866, 81 S.Ct. 109, 5 L.Ed.2d 88 (1960) and Great American Insurance Co. v. Stilley, 212 F.Supp. 303 (E.D.Ill. 1962). In the latter district court case, the court ruled directly contrary to defendants' contention. It held that an action against a state officer on the ground that he violated plaintiff's rights while acting under an unconstitutional statute is not a suit against the state and is not prohibited by Article IV, § 26 of the Illinois Constitution. *Id.* at 304, 306. In *Truitt*, the Seventh Circuit affirmed a judgment of lower court which had dismissed the suit for want of jurisdiction. In that action, plaintiff had sued the State of Illinois, not an agency or an official. The court merely recognized that the state did not in fact and could not in law under its constitution consent to be sued. Truitt v. State of Illinois, 278 F.Supp. 819 at 820. In the instant action, plaintiffs have brought suit against individual persons for alleged deprivations of rights. This type of suit is quite properly brought against these defendants. Indeed, some of these defendants are presently and properly parties defendant to another constitutional challenge to another aspect of the Illinois Public Aid Code. See, e. g.,

Metcalf v. Swank, 293 F.Supp. 268 (N. D.Ill.1968).

The motion to intervene will be granted. The motions to convene a three-judge court to hear and decide the constitutional challenges will be granted as well. The motions to strike and dismiss will be denied.