Ella METCALF, individually and on behalf of her minor children, Michael Metcalf, Sanders Metcalf, Valerie Metcalf, and Toni Metcalf, all of Chicago, Illinois; Amelia Dukes, of Chicago, Illinois; and Annie Mae Jones, individually and on behalf of her minor children, Christine Jones, Lucy Mae Jones, Dorothy Ann Jones, Lawrence Jones, Linda Jones, and James Jones, all of Chicago, Illinois; all individually and on behalf of all others similarly situated, Plaintiffs,

v.

Harold O. SWANK, Director, Illinois Department of Public Aid, State of Illinois Building, Chicago, Illinois; and William H. Robinson, Director, Cook County Department of Public Aid, Chicago, Illinois, Defendants.

No. 68 C 1226.

United States District Court
N. D. Illinois, E. D.

Oct. 29, 1969.

Robert W. Bennett, Chicago, Ill., for plaintiffs.

William G. Clark, Atty. Gen., State of Illinois, Chicago, Ill., for Harold O. Swank.

Edward V. Hanrahan, State's Atty., Chicago, Ill., for William H. Robinson.

1. The $90 limitation does not include the allowance available for utilities and furnishings.

2. The representative plaintiffs are Ella Metcalf on behalf of herself and her five minor children; Amelia Dukes; Annie Mae Jones on behalf of herself and her seven minor children; and Flora El-

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

ROBSON, District Judge.

The defendants move this court to dismiss the amended complaint in this class action challenging the constitutionality of the Illinois Public Aid Code. The challenged provisions limit the maximum shelter allowance available to public aid recipients to $90 per month,[1] but also provide for exceptions to the limitation. Ill.Rev.Stat.1967, ch. 23 §§ 12–4.11 and 12–14. The class is comprised of all recipients of public aid in Illinois who are members of a family unit of two or more and who pay more than $90 per month for shelter, but who receive $90 or less from the Cook County and Illinois Departments of Public Aid for this purpose.[2] The defendants are Harold O. Swank, Director of the Illinois Department of Public Aid, and William H. Robinson, Director of the Cook County Department of Public Aid. The defendants are charged by law with the enforcement of the Public Aid Code. Ill.Rev.Stat.1967, ch. 23 §§ 12–1 and 12–2.

This case was remanded to this court upon the finding by a three-judge court that the statute in question is constitutional on its face. Metcalf v. Swank, 293 F.Supp. 268 (N.D.Ill.1968). For the reasons set forth below, this court is of the opinion the motion to dismiss the amended complaint should be granted.

In Count I of the amended complaint, the plaintiff seeks a judgment declaring the shelter allowance provisions of the Illinois Public Aid Code unconstitutional. However, this issue has been resolved by the three-judge court, Metcalf v. Swank, *supra,* and is not properly

lis, who was granted leave by this court to intervene. Mrs. Dukes, Mrs. Jones and Mrs. Ellis have been granted exceptions to the shelter allowance maximum since this suit was initiated, and therefore are no longer members of the class. Only Mrs. Metcalf remains as a representative plaintiff.

before this court. Count I of the amended complaint is therefore dismissed.

In Count II of the amended complaint, the plaintiff seeks a judgment declaring unconstitutional the *manner* in which the shelter allowance provisions are *applied* and *administered*. The plaintiff contends that the administration of these provisions violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as the standards set forth in the Social Security Act, 42 U.S.C. § 301 *et seq.*

### FAILURE TO EXHAUST AVAILABLE STATE REMEDIES

█ The Illinois Public Aid Code specifically *requires* the Illinois Department of Public Aid to " * * * provide a livelihood compatible with health and well-being for persons eligible for financial aid." Ill.Rev.Stat.1967, ch. 23 § 12–4.11. The Code provides explicit administrative and judicial appellate procedures to be followed by persons who have been denied aid which such recipients or potential recipients deem necessary for their health and well-being. Since the initiation of this suit, all of the representative plaintiffs except Mrs. Metcalf have obtained exceptions to the rental maximum.[3] *The remaining representative plaintiff has not pursued any of her available state remedies.* An administrative appeal may be taken within 60 days after a decision is rendered by a county department of public aid, *or within 30 days after the filing of an application* upon which the county department fails to act. Ill.Rev.Stat.1967, ch. 23 § 11–8.[4] An appellant's case *must* be reviewed, and the applicant is statutorily entitled to appear in person, to be represented by counsel, and to present all relevant matter in support of a claim. Ill.Rev.Stat.1967, ch. 23 § 11–8.1. Gen-

erally, a decision on appeal must be rendered within 60 days from the date of the filing of the appeal. Ill.Rev.Stat. 1967, ch. 23 § 11–8.6. Judicial review of an adverse administrative appellate decision is then available in the Illinois courts pursuant to the Administrative Review Act. Ill.Rev.Stat.1967, ch. 110 § 264 *et seq.* Constitutional questions can be raised in a complaint for judicial review. *E. g.,* Winston v. Zoning Board of Appeals, 407 Ill. 588, 95 N.E.2d 864 (1951); Gadlin v. Auditor of Public Accounts, 414 Ill. 89, 110 N.E.2d 234 (1953); Howard v. Lawton, 22 Ill.2d 331, 175 N.E.2d 556 (1961). A suit in mandamus is also available to compel the defendants to perform their duties as prescribed by the Public Aid Code. Ill.Rev.Stat.1967, ch. 87 § 1. This court finds the state administrative and judicial remedies available to the plaintiff wholly consistent with the requirements of due process.

The plaintiff contends that she need not exhaust the administrative remedies provided by Illinois law because she is asserting a violation of her civil and constitutional rights, and federal jurisdiction is invoked under 28 U.S.C. § 1343. It is the plaintiff's contention that in all cases where federally protected rights are allegedly violated by a state administrative agency, a complainant may bypass the orderly procedures established by that agency, the procedures for review of the agency's actions established by state law, and sue its officers in a federal court at any stage. This court does not agree.

The rule that administrative proceedings must be exhausted prior to resort to judicial relief has been consistently recognized by the Supreme Court. *E. g.,* Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); Aircraft & Diesel Equipment Corp. v.

---

3. See note 2, *supra.*

4. The plaintiff contends that her right of appeal is foreclosed because more than 60 days have elapsed since her application for a rental allowance exception was

denied. However, nothing in the Illinois Public Aid Code precludes her from again filing such an application, and properly pursuing an administrative appeal if the application is denied.

Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947). Recently, the Supreme Court has exempted actions brought under the Civil Rights Act from the exhaustion requirement under certain conditions. McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). However, this court does not read the foregoing decisions as giving civil rights plaintiffs the unqualified right to bypass state administrative remedies. Not one of the decisions relied upon by the plaintiff presented a situation where there was a speedy, viable state administrative remedy which the plaintiff could have pursued. Under the particular circumstances presented in each case, pursuance of administrative procedures would have been futile. Such is not the case here. The defendants administer a statute constitutional on its face. That statute has built in procedural safeguards, and provides for a speedy determination of administrative appeals. The plaintiff may pursue her administrative appeals without undergoing deprivation of the public assistance funds she presently receives. It is purely speculative at this point whether or not the plaintiff would receive an exception to the shelter allowance maximum if she pursued her administrative remedies.

■ This court is of the opinion that the plaintiff cannot attack the constitutionality of a lower echelon administrative decision denying her request for a rental allowance exception without first raising such questions within the framework provided by Illinois law. Before a federal court takes the drastic measure of assuming supervision over a major state administrative program, the plaintiff must present a record sufficient to show that the manner in which that program is administered violates her constitutional rights. Count II of

the amended complaint attacks threshold administrative decisions allegedly inconsistent with the standards required by a valid state law. Fair and adequate administrative procedures are available to correct the alleged inconsistencies and conflicts. This court cannot rule that a statute is unconstitutionally administered when the plaintiff herself has not explored the available avenues of administration, and she merely speculates that the entire system is arbitrary. The plaintiff has not availed herself of the opportunities to properly present her grievances to those whose performance of statutorily-imposed duties and responsibilities are under attack. The application of the statute in question to the plaintiff, and to those similarly situated, is not fully before this court. Count II of the amended complaint must therefore be dismissed for failure to exhaust available state administrative remedies.

## FAILURE TO STATE A SUBSTANTIAL CONSTITUTIONAL CLAIM

■■ Presentation of a substantial constitutional claim is a condition precedent to allowance of a civil rights action where state administrative remedies have not been exhausted. See King v. Smith, 392 U.S. 309, 312, n. 4, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). The allegation that the shelter allowance provisions are unconstitutional on their face, as asserted in Count I of the amended complaint, has previously been found to be without substance by the three-judge court. Metcalf v. Swank, *supra*. This court is of the opinion that the Count II allegation that the statute is unconstitutionally administered also fails to present a substantial constitutional claim.

The plaintiff claims that the number of rental exceptions to the $90 maximum allowance available and granted is inadequate. It is uncontroverted that at present 1,200 exceptions are available, allocated on the basis of 90% for Cook County and 10% for all other Illinois counties. It is also uncontroverted that

the Illinois and Cook County Departments of Public Aid seek and obtain additional exceptions from the appropriate state legislative committee from time to time as the reserve of exceptions is depleted. The plaintiff does not allege that rental allowance exceptions have been exhausted and are no longer available to large families, nor that she was denied a rental allowance exception because the number available was inadequate. This allegation therefore does not state a constitutional claim.

■ The plaintiff contends that the administration of the shelter allowance provisions is unconstitutional because rental exceptions are granted only to persons who live in buildings which comply with minimal standards set by the Chicago Housing Code. Municipal Code of the City of Chicago, §§ 78.11, 78.20. The Chicago Housing Code establishes standards for cooking, heating and sanitary equipment necessary to promote health, suppress disease and protect the safety of occupants of dwellings, and of neighboring properties; standards for ventilation, light, space and means of egress which promote health and preserve safety; and designates the health and safety maintenance responsibilities of owners, operators, and occupants of dwellings. The standards set forth are *minimal requirements* for human habitation, and are designed to protect the public health, safety, and welfare. Furthermore, *all* rent allowances may be withheld when building violations are discovered and not timely corrected by the landlord in dwellings occupied by welfare recipients. Ill.Rev.Stat.1967, ch. 23 § 11–23. The requirement that a dwelling must meet minimal standards for human habitation before its occupant can receive an exception to the shelter allowance *maximum* is hardly an adequate basis for a claim of invidious discrimination.

■ The plaintiff claims that the manner in which the shelter allowance exceptions are administered is unconstitutional because welfare recipients must request exceptions instead of receiving them automatically as a matter of course. This claim is patently frivolous. The same argument might be advanced against requiring a prospective public aid recipient from following any application procedures, and submitting to any investigation of his eligibility for any form of public aid.

■ The plaintiff also claims that long delays occur before a request for a rental allowance exception is acted upon. However, the Public Aid Code provides a remedy for inaction. If the county department of public aid fails to act within 30 days of the filing of an application, an administrative appeal may be immediately taken. Ill.Rev.Stat.1967, ch. 23 § 11–8. It is also contended that exceptions are denied for "frivolous reasons." This allegation is unsupported and conclusory.

■ Finally, the plaintiff claims that even when an exception is granted, the rental allowance is inadequate to provide shelter for a large family. It is uncontroverted that the maximum shelter allowance available under the present exception system is $135 excluding the allowance available for utilities and furnishings. Authorization for rental allowances exceeding $135 must be submitted to the appropriate state legislative committee for approval. Determining a ceiling for exceptions to the maximum shelter allowance which is consistent with preserving the health and well-being of public aid recipients is a matter of legislative judgment necessarily involving evaluation of local housing conditions, and the rental policies practiced by local landlords. A monetary limitation is set for exceptions to the normal shelter allowance maximum. However, the amount established as a ceiling is flexible, subject to a legislative determination of changed conditions. Such a system of administering and applying the Illinois Public Aid Code does not discriminate invidiously against large poor families. Nor do any of the many other claims discussed above ap-

proach constitutional dimensions which would justify the assumption of jurisdiction by this court absent exhaustion of available state administrative remedies.

In Count III of the amended complaint, the plaintiff alleges that the manner in which the shelter allowance provisions are administered violates the standards established by the Illinois Public Aid Code. This count exclusively involves questions of Illinois law, and is devoid of any basis for federal jurisdiction.

It is therefore ordered that the defendants' motion to dismiss the amended complaint be, and it is hereby granted, and the cause is hereby dismissed.