**Doris ANDERSON et al., Plaintiffs,**

v.

**Neil SOLOMON, M.D., et al., Defendants.**

**Civ. No. 70–247–T.**

United States District Court,
D. Maryland.

Aug. 11, 1970.

Irwin Brown and Michael Millimann, Baltimore, Md., for plaintiffs.

Francis B. Burch, Atty. Gen., Md., and J. Michael McWilliams, Asst. Atty. Gen., Baltimore, Md., for defendants.

Before WINTER, Circuit Judge, and THOMSEN and KAUFMAN, District Judges.

THOMSEN, District Judge.

Plaintiffs herein are persons who are now or have recently been patients in state mental institutions, having been involuntarily committed under the provisions of Article 59 of the Annotated Code of Maryland, as it read before it was superseded by a new Article 59, enacted by Chapter 407 of the Acts of the General Assembly of Maryland of 1970, which became effective July 1, 1970. The complaint was filed on March 3, 1970. Defendants are officials of the State Department of Mental Hygiene. Jurisdiction is claimed under 28 U.S.C. §§ 1343(3), (4), 2201, and 42 U.S.C. § 1983.

Plaintiffs ask the Court to declare unconstitutional and enjoin the enforcement of the provisions of Article 59, Sections 1, 31 and 32, as they read before July 1, 1970, which, plaintiffs contend, provided for the involuntary civil commitment of mentally ill persons "without a judicial proceeding or prior hearing of any sort or other concomitants of due process of law." It is alleged that those plaintiffs who are no longer confined are likely, because of their past record of confinement, to be involuntarily committed in the future. Plaintiffs seek to bring this suit as a class action under Rule 23, Fed. R.Civ.P. on behalf of all Maryland residents who are now or have been involuntarily committed to state mental institutions without any judicial process.

Defendants have moved to dismiss the complaint. Although Article 59 has been completely rewritten by Chapter 407 since this case was instituted, argument on the motion to dismiss was presented to us on the theory that most of the allegations of the original complaint are applicable to the new law. We will proceed on that basis, but to make the pleadings conform to the contentions presented to us, we hereby direct the plaintiffs to file, within fifteen days from the date of this opinion, an amended complaint, in which plaintiffs shall allege specifically their complaints under the new law and the relief which they presently seek.

### I.

This action involves rights, privileges or immunities secured by the Constitution of the United States. The constitutional issues are substantial.

■ (a) A particularly serious constitutional question is raised by those provisions in both the old and the new law which permit the involuntary commitment of persons for an indefinite period on the certificate of two physicians,[1] without a prior judicial or administrative hearing, or a mandatory subsequent judicial or administrative hearing. It can hardly be doubted that procedural due process requires that a hearing be held at some reasonable point in time before a person can be indeterminately committed. *See* Heryford v. Parker, 396 F.2d 393 (10th Cir. 1968); Petition of Rohrer, 353 Mass. 282, 230 N.E.2d 915 (1967); In re Wilson, 257 N.C. 593, 126 S.E.2d 489 (1962); State ex rel. Fuller v. Mullinax, 364 Mo. 858, 269 S.W.2d 72 (1954); *see also* Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Specht v. Patterson, 386 U.S. 605, 87 S. Ct. 1209, 18 L.Ed.2d 326 (1967); *see generally* Chesanow, Civil and Criminal Commitment of the Mentally Ill in Maryland, 21 Md.L.Rev. 279 (1961).

The new statute contains provision for prompt notification to the patient and certain other persons of his admission status and rights, including his right to be advised by counsel, Sections 13 and 50. It also, like the old statute, contains provisions giving patients the right to apply for a writ of habeas corpus, Section 14, or for judicial release, Section 15. But it does not provide for a mandatory hearing, at any time, for persons who have been involuntarily committed; nor does it provide that a demand or request for release be treated as a petition for a

writ of habeas corpus. Further, it does not require that a check be made by an independent agency (legal, medical or administrative) charged with the duty of looking out for the interests of patients unable for one reason or another to institute and prosecute such proceedings necessary to protect their rights. *Cf.* the New York law and regulations referred to in Fhagen v. Miller, 312 F.Supp. 323 (S.D.N.Y.1970).

The statutes of other states provide various procedures to insure that patients' rights are protected. Some such procedures could perhaps be provided by rulings of a state court or by administrative rules and regulations. See Section 6 of the new Maryland statute. And see Fhagen v. Miller, *supra;* Thorn v. Superior Court of San Diego County, 1 Cal. 3d 666, 83 Cal.Rptr. 600, 464 P.2d 56 (1970).

■ (b) Plaintiffs concede that immediate commitment, without a prior hearing, of persons who are dangerous to themselves or others may be necessary and constitutional, provided that thereafter a prompt hearing at which procedural due process will be afforded is mandatorily required.[2]

(c) The old Maryland statute did not limit immediate commitment to persons who were dangerous to themselves and others. Section 12 in the new statute appears to limit involuntary admissions to persons who need inpatient care or treatment for the protection of themselves or others. See subparagraphs (a) (2) and (b) of Section 12. However, the form of physician's certificate, set out in subparagraph (d) (1) of Section 12, does not state that the patient needs inpatient care or treatment for the protection of himself or others, or words to that effect, but provides only for the physician to set forth his belief that the patient "has a mental disorder and that the disorder is

---

1. Section 12(e) of the new statute provides that additional certificates must be obtained each year.

2. Plaintiffs argue that procedural due process includes counsel and any necessary

medical examination and testimony. It is not necessary for this Court to decide at this time what elements, including, *inter alia,* personal appearance of the patient, compose procedural due process in a given fact situation.

of a character which, in my opinion, requires that the patient be placed in a facility for the treatment of the mentally disordered." However, the absence from the certificate of a statement by the doctor of his belief that the inpatient care or treatment is necessary for the protection of the patient or others may perhaps be subject to cure by an administrative addition to the form (see Section 6 of the new law) or by judicial construction of the new Section 12, as well as by legislative action.

(d) Plaintiffs' objection that neither of the certifying physicians need be a psychiatrist may also be met by rules or regulations adopted pursuant to new Section 6, e. g., certification by a psychiatrist might be accomplished at the institution before actual admission.

■ In summary, a number of serious constitutional issues are posed. We conclude that the complaint states a claim upon which relief can be granted.

## II.

■ This Court has jurisdiction under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.[3] No jurisdictional amount in controversy is required. The complaint sets forth a justiciable case or controversy. Plaintiffs do not lack standing because they have not exhausted available state remedies, including Sections 1 and 21 of old Article 59 and new Sections 14 and 15 of Article 59 as now in effect. Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968); Damico v. California, 389 U.S. 416, 88 S. Ct. 526, 19 L.Ed.2d 647 (1967); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Rivers v. Royster, 360 F.2d 592 (4th Cir. 1966). Cf. Metcalf v. Swank, 305 F.Supp. 785 (N.D.Ill. 1969).

3. It is not necessary to decide at this time whether any substantial equal protection questions are involved. See Baxstrom v.

## III.

■ This is not a case in which this Court should abstain at this time. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). Cf. Reetz v. Bozanick, 397 U.S. 82, 90 S.Ct. 788, 25 L. Ed.2d 68 (1970); Harrison v. N.A.A. C.P., 360 U.S. 167, 178, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959); Government & Civic Employees Org. Comm., C.I.O. v. Windsor, 353 U.S. 364, 77 S.Ct. 838, 1 L. Ed.2d 894 (1957); Meredith v. Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); Fhagen v. Miller, *supra*. Although, as we have seen, there are a number of areas in which state judicial or administrative interpretation might eliminate some of the constitutional problems, others would remain which this Court would have to consider.

After the issues have been clarified by an amendment of the complaint and an answer thereto, and the Court has determined whether the case should be treated as a class action with respect to some or all of the issues, the Court can again consider whether it is proper to abstain with respect to some or all of the issues raised.

Defendants' motion to dismiss the complaint is hereby denied.

Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966).