Margaret **HORACE**, on her own behalf and as parent and next friend of her child, Linda Horace, Evelyn Bailey, on her own behalf and as parent and next friend of her child, Linda Bailey, all on their own behalf and on behalf of all other persons similarly situated, Appellants,

v.

Frederick P. **McGINNIS**, Commissioner, Alaska Department of Health and Welfare, and Stanley P. Harris, Director, Alaska Division of Public Welfare, Appellees.

No. 1448.

Supreme Court of Alaska.

March 13, 1972.

Linn H. Asper, Alaska Legal Services, Fairbanks, Phillip B. Byrne, Alaska Legal Services, Anchorage, for appellants.

John E. Havelock, Atty. Gen., Juneau, Monroe N. Clayton, Dist. Atty., Lyle R. Carlson, Asst. Dist. Atty., William Christian, Asst. Atty. Gen., Fairbanks, Richard A. Bradley, Acting Deputy Atty. Gen., Juneau, for appellees.

Before BONEY, C. J., and RABINO-WITZ, CONNOR and ERWIN, JJ.

OPINION

ERWIN, Justice.

This is a class action challenging the validity of AS 47.25.410(3) to the extent that it defines a "dependent child", for purposes of Aid to Families with Dependent Children (hereinafter AFDC) benefits, as "a needy child under 18 years of age . . . ." Appellants unsuccessfully argued below, and assert here, that Alaska's under-the-age-of-18 eligibility requirement is inconsistent with § 406(a) (2) of the Social Security Act, 42 U.S.C. § 606(a) (2), and therefore void under the Supremacy Clause of the United States Constitution.[1] Section 406(a) (2) defines a "dependent child" for purposes of the AFDC program as one

who is (A) under the age of eighteen, or (B) under the age of twenty-one and . . . a student regularly attending a school, college or university, or regularly attending a course of vocational or technical training designed to fit him for gainful employment.

1. Art. VI. An apparently equivalent theory of contractual conditions could also be used. Appellees concede that if a conflict exists then the state provision is void.

Appellants argue that states must adopt this definition.

The action was instituted on May 28, 1970, by appellants Margaret Horace and Evelyn Bailey, individually, and on behalf of their daughters, Linda Horace and Linda Bailey. Appellants' action was brought, pursuant to Alaska Rule of Civil Procedure 23, on behalf of all persons similarly situated. The members of the plaintiff class include "all families and children in the State of Alaska otherwise eligible for aid under AFDC, who are denied such benefits as to certain children for the sole reason that said children are over the age of 18 years, despite the fact that said children are still attending school and are under the age of 21 years." The appellees, Frederick P. McGinnis and Stanley P. Harris, are officials responsible for the administration of AFDC benefits in Alaska.

The sole issue below and on appeal is whether the federal definition of a dependent child contained in 42 U.S.C. § 606(a) (2) represents a mandatory classification for participation in the federally-funded AFDC welfare program.

The federal AFDC program is one of the four "categorical assistance" programs established by the Social Security Act of 1935.[2] Funded by matching federal grants-in-aid,[3] the individual welfare programs are administered by the states. Each participating state must obtain approval of its plan from the Secretary of Health, Education, and Welfare to be eligible for federal funding.[4] The state's plan must conform with the requirements of the Social Security Act, and with the rules and regulations promulgated by H. E. W.

One of the statutory requirements is that "aid to families with dependent children shall be furnished with reasonable promptness *to all eligible individuals.*" 42 U.S.C. § 602(a) (10). As noted above, the definition section of the Act defines a "dependent child" as one "who is (A) under the age of eighteen, or (B) under the age of twenty-one and [a student]." 42 U.S.C. § 606(a) (2).[5] Appellants contend that "[w]hen this definition is incorporated in 42 U.S.C. § 602(a) (10), the requirement is that states must provide assistance . . to needy children between the ages of 18 and 21 who are still attending school."

There has been considerable litigation in recent years over whether the language of the federal statute defining beneficiaries is mandatory or merely sets a maximum limitation on federal participation in state AFDC programs.[6] However, a recent United States Supreme Court case has settled the dispute and dictates the result in the case at bar. In Townsend v. Swank, 404 U.S.

---

2. The four include Old Age Assistance (OAA), 42 U.S.C. § 301 et seq; Aid to Families with Dependent Children (AFDC), 42 U.S.C. § 601 et seq; Aid to the Blind (AB), 42 U.S.C. § 1201 et seq; and Aid for the Permanently and Totally Disabled (APTD), 42 U.S.C. § 1351 et seq.

3. For example, the complex formula for federal funding of the AFDC program is contained in 42 U.S.C. § 603 under which federal payments to a state are computed on the basis of the total estimated quarterly expenditures under the state's program. Since no payments may be made to 18–20 year olds under Alaska's program of assistance, no federal monies are received by the state for such purposes.

4. 42 U.S.C. § 602.

5. § 606(a) (2) (B) was added by amendment in 1964 and 1965. AS 47.25.410 (3) was enacted into law in 1949.

6. The decisions of the United States District Courts directly support the view taken by the trial court herein that the federal statutory definition of a dependent child is not mandatory. Alexander v. Swank, 314 F.Supp. 1078 (N.D.Ill.1969); McClellon v. Shapiro, 315 F.Supp. 484 (D.Conn.1970); Barksdale v. Shea, No. C 1967 (D.C.Colo., decided March 1, 1971) (unreported). However, language in two previous decisions of the United States Supreme Court could be interpreted as supporting the view taken by appellants that the federal statute is binding on all states accepting federal funds. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Dandridge v. Williams, 397 U.S. 471, 477, 90 S.Ct. 1153, 25 L.Ed.2d 491, 497 (1970).

282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971), the Court held that an Illinois statute under which needy dependent children 18 through 20 years old qualified for AFDC benefits if attending a high school or a vocational training school, but not if attending college, was in conflict with 42 U.S.C. § 606(a) (2) and therefore violative of the Supremacy Clause. However, in so holding the Court distinguished between state participation in a new federally-eligible age group program and state definition of eligibility within such a new age group:

> [Legislative] history does show that whenever Congress extended AFDC eligibility to older children—from those under 16 to those 16–17, and finally to those 18–20—Congress left to the individual States the decision whether to participate in the program for the new age group. There is no legislative history, however, to support the proposition that Congress also gave to the individual States an option to tailor eligibility standards within the age group, and thus exclude children eligible under the federal standards.

404 U.S. at 287, 92 S.Ct. at 506, 30 L.Ed.2d at 454. More particularly the Court made the following observation:

> The first provision for the age group 18–20 came in 1964 when benefits were authorized but limited to children attending high school or vocational school.

78 Stat. 1042. As in the case of the 1939 amendments extending aid to children 16–17 regularly attending school, the States had the choice whether to participate in this new program; S.Rep. No. 1517, 88th Cong., 2d Sess., 2 (1964), expressly stated that 'extension of the program in that manner would be optional with the States.' When in 1965 Congress amended § 406(a) (2) (B) in the form now before us nothing was said to indicate that States *which had adopted the 1964 program* limited to children attending vocational schools were free to continue that limited program and not extend it to children 18–20 attending a college or university. (emphasis added)

404 U.S. at 289, 92 S.Ct. at 507, 30 L.Ed.2d at 454–455.

Since Illinois had elected to participate in the federal program for aid to 18–20 years olds, it was required by the Supremacy Clause to conform its eligibility requirements to the federal standards for that age group in order to obtain federal financial support. In contrast, the Alaska legislature has chosen not to give any aid, under the AFDC program, to children between the ages of 18 and 21. The *Townsend* opinion makes it clear that Congress expressly left to the states the option not to participate in the program of aid for that age group.

The judgment of the superior court is affirmed.