DAMICO ET AL. *v.* CALIFORNIA ET AL.

No. 629, Misc.   Decided December 18, 1967.

*George F. Duke* for appellants.

*Thomas C. Lynch,* Attorney General of California, and *Richard L. Mayers* and *Elizabeth Palmer,* Deputy Attorneys General, for appellees.

PER CURIAM.

The motion for leave to proceed *in forma pauperis* is granted.

Appellants, welfare claimants under California Welfare and Institutions Code §§ 11250, 11254, and regulation C–161.20 thereunder, sought damages, a declaratory judgment of unconstitutionality, and temporary and permanent injunctive relief in this suit under the Civil Rights Act, 42 U. S. C. § 1983, 28 U. S. C. § 1343. Their complaint alleges that the statute and regulation are discriminatory and that the appellees, in administering them and in applying them to appellants, deprived appellants of equal rights secured by the United States Constitution. The three-judge District Court dismissed the complaint solely because "it appear[ed] to the Court

that all of the plaintiffs [had] failed to exhaust adequate administrative remedies." This was error. In *McNeese* v. *Board of Education,* 373 U. S. 668, noting that one of the purposes underlying the Civil Rights Act was "to provide a remedy in the federal courts supplementary to any remedy any State might have," *id.,* at 672, we held that "relief under the Civil Rights Act may not be defeated because relief was not first sought under state law which provided [an administrative] remedy," *id.,* at 671. See *Monroe* v. *Pape,* 365 U. S. 167, 180–183. We intimate no view upon the merits of appellants' allegations nor upon the other grounds not passed upon by the District Court.

The judgment of the District Court for the Northern District of California is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

Mr. Justice Harlan, dissenting.

California's Aid to Families with Dependent Children program provides welfare assistance to mothers and children rendered destitute through desertion by or separation from the fathers of the children. The law requires that, unless a suit for divorce has been filed, the desertion or separation be of at least three months' duration before AFDC aid will be granted.

Appellants were informed by a social worker that, no suit for divorce having been filed, they could not receive AFDC aid before the end of the three-month period; they then brought this suit for a declaration that the three-month requirement violated the Federal Constitution. The District Court, without reaching the question whether it should "abstain" pending appropriate state proceedings for relief, and without reaching the merits, dismissed on the ground that the plaintiffs had

failed to exhaust "adequate administrative remedies."

This Court, without plenary consideration and without stating its reasons, now reverses the District Court's dismissal, citing *McNeese* v. *Board of Education,* 373 U. S. 668. In *McNeese,* the Court held that Negro students, seeking relief from alleged school racial segregation, did not have to pursue and exhaust certain administrative remedies available under state law before bringing their federal action. Although I did not at the time and do not now fully understand the Court's opinion in *McNeese,\** the net result of the case as I see it was that

_____

*The source of my difficulty is a compound of the occasional use of language broader than was necessary or warranted by the facts as the majority viewed them, and of my own disagreement with the majority's view of the facts. In *Monroe* v. *Pape,* 365 U. S. 167, in an opinion which I joined, the Court declared that one complaining of unlawful search and seizure by state officials could sue them in a federal court under 42 U. S. C. § 1983, notwithstanding the availability of similar remedies under state law. That case did not say that one who is engaged in a course of dealing with an administrative agency may bypass the orderly procedures established by that agency and the procedures for review of agency action and sue its members individually at any stage. In *McNeese* it was the prevailing view, with which I disagreed under the circumstances, that the administrative procedures established by the State were inadequate for the vindication of federal rights. Reading *Monroe* to have interpreted 42 U. S. C. § 1983 "to provide a remedy where state law was inadequate, [and] 'to provide a federal remedy where the state remedy, though adequate in theory, was not available in practice,'" 373 U. S., at 672, the Court concluded that "[w]hen federal rights are subject to such tenuous protection, prior resort to a state proceeding is not necessary." *Id.,* at 676.

The majority opinion in *McNeese* also, however, attributed to *Monroe* the establishment of the principle that 42 U. S. C. § 1983 provides a "supplementary" remedy to any a State might have. This language is now interpreted by the Court to mean that there can be no requirement that a person dealing with an administrative agency continue to deal with it in an orderly fashion, no matter how adequate his remedy there. If this is what the majority

the right to assert, in a federal court, that state officials had acted in a manner depriving the plaintiff of clear constitutional rights could not be delayed by the interposition of intentionally or unintentionally inadequate state remedies for the alleged discrimination.

If that is a correct description of the exhaustion problem in *McNeese*, it bears little relation to the exhaustion question here. State AFDC relief was created pursuant to the provisions of the federal Social Security Act, 49 Stat. 627, 42 U. S. C. § 601 *et seq.* The Federal Government pays the major share of the cost of state aid, see 42 U. S. C. § 603, and in return closely supervises both how it shall be administered and what remedies shall be available to those who have complaints about its operation. Each State receiving federal assistance (which includes California) must formulate and submit to the Secretary of Health, Education, and Welfare, for his approval, a plan of operation of its AFDC program. 42 U. S. C. § 602. In particular, the plan must provide that "aid to families with dependent children . . . shall be furnished with reasonable promptness to all eligible individuals," 42 U. S. C. § 602 (a)(9), and must "provide for granting . . . a fair hearing before the State agency [whose creation is required by a separate provision, 42 U. S. C. § 602 (a)(3)] to any individual whose claim for aid to families with dependent children is denied or is not acted upon with reasonable promptness." 42 U. S. C. § 602 (a)(4). The California plan approved by the Secretary apparently includes both California's three-month requirement and California's hearing procedure.

opinion in *McNeese* meant to say, its dictum was gratuitous both in the sense that it was not compelled by the facts as the Court viewed them and in the sense that it was an incorrect interpretation of *Monroe*.

The Court simply ignores the highly successful federal-state working relationship created by Congress in this area. The right of these appellants to receive AFDC funds involves not only questions of state law, but also the propriety of that law under federal statutory law. For the determination of these questions Congress has specified a state forum in the first instance. Today's holding, made without benefit of briefs and oral argument and on a skimpy record, that 42 U. S. C. § 1983 may be used to bypass 42 U. S. C. § 602 is a disservice to both of these important statutes.

I would affirm the judgment below.