Mary Bell ANDERSON, Johnny Mae Williams, Earvie Miller, Margaret Butler, Ossie Thomas and Lorraine S. Washington, on behalf of themselves and all other mothers of needy dependent children similarly situated

v.

William H. BURSON, Director of Georgia Department of Family and Children Services et al.

Susie BROWN, individually and on behalf of her minor children and grandchild

v.

William H. BURSON, Director, Georgia Department of Family and Children Services; Mrs. Mary Louise Maxwell, Director, Grady County Department of Family and Children Services; B. M. Lee, Mrs. Leonard Wells, Mrs. E. C. White, Mrs. Grady Harrison, Alto Sellers, members of Grady County Board of Family and Children Services; Individually and in their official capacities

John Gardner, Sec. of Dept. of Health, Education & Welfare, Individually & in official capacity.

Mary Bell ANDERSON, Johnny Mae Williams, Earvie Miller, Margaret Butler, Ossie Thomas and Lorraine S. Washington, on behalf of themselves and all other mothers of needy dependent children similarly situated, and Susie Brown, individually and on behalf of her minor children and grandchild

v.

Hon. John GARDNER, Secretary of the United States Department of Health, Education and Welfare; Wave Perry, Regional Representative of the United States Department of Health, Education and Welfare.

Civ. A. Nos. 10443, 10882 and 10991.

United States District Court
N. D. Georgia,
Atlanta Division.

April 5, 1968.

Howard Moore, Jr., Atlanta, Ga., C. B. King, Albany, Ga., Jack Greenberg, Charles Stephen Ralston, Charles H. Jones, Jr., and Michael Davidson, James T. Graham, Martin Garbus and Edward V. Sparer, Stephen Wizner, New York City, for plaintiffs Mary Bell Anderson, Susie Brown, and others.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Alfred L. Evans, Jr., Asst. Attys. Gen., Atlanta, Ga., for Mrs. Bruce Schaefer.

Perry, Walters, Langstaff & Lippitt, Albany, Ga., for Mrs. Dorothy Foreman, James Hall, John O. Pierson, Curtis Wilkerson, Randolph Champion, Jr. and Robert McCormick, Jr.

Carlisle & Chason, Cairo, Ga., for Mary Louise Maxwell, B. M. Lee, Mrs. Leonard Wells, Alto Sellers, Mrs. E. C. White, Mrs. Grady Harrison.

Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., for John Gardner, Sec. of Dept. of Health, Education & Welfare.

Before BELL, Circuit Judge and MORGAN and SMITH, District Judges.

## OPINION AND ORDER

**PER CURIAM:**

These cases involve the employable mother regulation promulgated under the Georgia plan for Aid to Families with Dependent Children. Plaintiffs sought a judgment declaring certain portions of the regulation facially unconstitutional and as applied to them and other members of their class. They also sought injunctive relief with respect thereto. In Civil Action No. 10,991, ancillary relief was sought against Secretary Gardner and Regional Representative Perry of the United States Department of Health, Education and Welfare based on their approval of the Georgia regulation in question. The Secretary and Regional Representative were also made parties in Civil Actions Nos. 10,-443 and 10,882. Honorable William H. Burson succeeded Mrs. Bruce Schaefer as Director of the Georgia Department of Family and Children Services and was substituted in her place and stead as a party defendant in Nos. 10,443 and 10,882.

The matters have been heard and are now ripe for final disposition. Upon consideration of the stipulated issues, facts, and exhibits together with the motions and memoranda of the parties and the arguments of counsel for the parties, the court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Defendant William H. Burson is the director of the State Department of Family and Children Services in Georgia. All of the remaining defendants in Actions Nos. 10,443 and 10,882, except defendants Gardner and Perry, are officials of county boards of welfare and departments of welfare in Georgia, and as such are responsible for the implementation and operation of the state program of Aid to Families with Dependent Children (AFDC) in their respective counties. Defendants Mary Louise Maxwell and Dorothy Foreman are directors of county departments of Family and Children Services, and as such are employees of the state department.

2. Defendant Burson, in his position as director, is responsible for the direct supervision and control of county departments and officials and has among his duties the promulgation, implementation, and interpretation of rules and regulations under which county officials administer the state program.

3. Defendant Burson, in his position as director, is responsible for developing a state plan for Aid to Families with Dependent Children.

4. In order to receive federal matching funds for assistance payments made as part of the state's AFDC program,

the state plan must be submitted for approval to and approved by the Secretary of Health, Education and Welfare, as provided by Title IV of the Social Security Act, 42 U.S.C.A. §§ 601 et seq.

5. The State of Georgia has a currently approved plan for AFDC and is operating a program pursuant thereto which provides assistance payments to families with dependent children.

6. The state plan for AFDC includes a regulation, known as "the employable mother" regulation (Part III, Section V–C(3) (b) (2) of the Georgia Manual of Public Welfare Administration), which at the time of the initiation of these actions provided, in effect:

a. that a mother who is receiving assistance payments must accept available "suitable" employment subject to certain exceptions designed primarily to safeguard the well-being of her children;

b. that in those counties where seasonal employment exists, the county boards will designate such periods as periods of full-time employment; during such periods all applications for assistance are denied and all current cases are closed where the mother is subject to the condition that she must accept employment. Such applications are denied and closed regardless of whether a mother was in fact employed or had received a bona fide offer of employment;

c. that the burden of proof is upon the mother to show that suitable employment is not available;

d. that wages from "full-time" employment will not be supplemented by assistance payments regardless of the amount of those wages whereas wages from "part-time" or "irregular" employment may be supplemented; and contains other related provisions which need not be dealt with to dispose of these actions.

7. The state plan for AFDC provides that where unearned income, or income derived from part-time or irregular employment does not meet the full financial needs of the recipient, such income is supplemented with assistance payments.

8. Defendant John Gardner is the Secretary of Health, Education and Welfare; defendant Wave Perry is the administrative official in the Atlanta regional office of the Department of Health, Education and Welfare to whom state plan material is initially submitted. In their official capacities, they, or their agents and employees, have approved the Georgia state plan which includes the employable mother regulation. As a result of that approval, federal funds have been given to Georgia for the administration of their AFDC program to the extent that approximately 75% of the funds expended by the State of Georgia have been from the Federal government.

9. Plaintiffs are mothers who, with their children, are eligible for assistance payments under the Georgia program except for the employable mother regulation.

10. Plaintiffs in Nos. 10,443 and 10,882 sought a declaratory judgment and injunctive relief against the state and local defendants for violation of their constitutional and statutory rights based upon the text and implementation of the employable mother regulation. Defendant Gardner was ordered joined as a party-defendant by the court. Plaintiffs then commenced No. 10,991 against defendants Gardner and Perry individually. No. 10,991 was consolidated with the other two actions.

11. Subsequent to the commencement of these actions, the employable mother regulation was amended by deleting those portions which provided that employment is presumed to be available to everyone during certain seasons designated by the county welfare agencies and that the burden of proof is at all times on the recipient to establish that employment is not available (those policies described in paragraphs 6(b) and (c) above).

12. Prior to the hearing before this Court on October 6, 1967, the State of Georgia proposed a new employable mother regulation. This regulation deleted the provision that income from full-time employment would not be sup-

plemented. Rather, it put into effect a formula under which income from employment could be supplemented, but on a different basis from income from other sources such as Veterans' benefits, social security benefits, contributions from family members, etc. The effect of the proposed new regulation is that a person whose income comes from employment would in most cases receive less in AFDC benefits than a person whose income comes from other sources.

13. The new regulation proposed by the State was not agreed to by the United States Department of Health, Education and Welfare (HEW) on the grounds that it improperly discriminated between AFDC recipients in the calculation of the amount of their grants on the basis of the sources of their income.

14. By suggestion of the court, the state and federal departments attempted to reach an agreement on a substitute employable mother regulation. They have been unable, however, to do so.

## CONCLUSIONS OF LAW

■ 1. That portion of the "employable mother" regulation which provides that a mother must accept suitable employment, assuming adequate safeguards to the mother and her children, such as the availability of adequate child care plans and other such limitations, does not violate any of plaintiffs' constitutional or statutory rights, there being no federally protected right of a mother to refuse employment while receiving assistance and remaining at home with her children.

■ 2. That portion of the employable mother regulation which prohibits the supplementation of wages derived from full-time employment violates plaintiffs' constitutional rights established by the equal protection clause of the Fourteenth Amendment to the Constitution in that, although plaintiffs are as needy as other recipients of assistance who also have income, the regulation operates to the financial disadvantage of plaintiffs on the basis of the

source of their income and the character of their employment; namely, earned income derived from full-time employment, a basis which bears no reasonable relationship to plaintiffs' financial needs and therefore to the purposes of the Social Security Act. See Gulf, Colorado and Santa Fe Railway Company v. Ellis, 165 U.S. 150, 17 S.Ct. 255, 41 L.Ed. 666 (1896); Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957).

3. Similarly, the State's proposed substitution for the employable mother regulation violates plaintiffs' rights under the equal protection clause since it also discriminates between persons on the basis of their source of income without any relation to their actual financial needs in that persons with income from employment receive less in AFDC benefits than persons with the same amount of income from other sources. On and after April 15, 1968 welfare payments in connection with the AFDC program shall be made without such discrimination and this may be accomplished through the application of any and all income, from whatever source derived, in determining the assistance to be granted.

4. With respect to the burden of proof question, see Findings of Fact, ¶¶ 3(c) and 11, in addition to having deleted the requirement, the state director has agreed to employ the following safeguards in the administration of the employable mother regulation: No aid to a mother will be terminated without a showing of a bona fide offer of suitable employment, or referral thereto having been made; and provision will be made for the mother to show good cause grounds for rejecting specific employment and for a hearing, where requested, on those grounds.

■ 5. Since the substance of plaintiffs' complaint pertaining to the employable mother regulation arises from the regulation itself rather than from its improper implementation or application and presents substantial issues arising under the Federal Constitution,

plaintiffs are not required to exhaust any administrative remedies, even assuming that any such remedies in fact exist. Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967).

6. No relief is warranted against the directors and members of the county welfare boards named as defendants in Nos. 10,443 and 10,882.

7. The motion of the defendant Secretary and Regional Representative to dismiss for lack of jurisdiction over the particular subject matter now existent in Civil Actions Nos. 10,443, 10,882, and 10,991 will be granted.

## FINAL JUDGMENT

1. The motion of defendant William H. Burson to dismiss Nos. 10,443 and 10,882 for failure of plaintiffs to exhaust their administrative remedies is denied.

2. The defendants in Nos. 10,443 and 10,882 who are directors and members of the board of the Grady County Department of Family and Children Services and the Dougherty County Department of Family and Children Services are hereby dismissed.

3. The motion of defendants John Gardner and Wave Perry to dismiss for lack of jurisdiction over the particular subject matter now existent in Nos. 10,443, 10,882 and 10,991 is granted and they are hereby dismissed.

4. The defendant William H. Burson, his agents and successors, shall not, on and after April 15, 1968, give any force or effect to that portion of the "employable mother" regulation (Georgia Manual of Public Welfare Administration, Part III, Section V–C(3) (b) (2)) which prohibits the supplementation of income derived from full-time employment. Thereafter such income shall be supplemented on the same basis and in accordance with the same standards as other income is supplemented.