James E. BRIGHT, Appellant,

v.

R. H. BISHOP, Lieutenant of Police, Port Angeles, Washington, Harry Koshanek, Chief of Police, Port Angeles, Washington, R. I. Palhamus, Sheriff of Clallam County, Clallam County Court House, Port Angeles, Washington, City of Port Angeles, Washington, Seldon Porter, Porter's Towing and Wrecker Service, Port Angeles, Washington, Appellees.

No. 22019.

United States Court of Appeals
Ninth Circuit.

July 18, 1968.

James E. Bright in pro. per.

John J. O'Connell, Atty. Gen., Olympia, Wash., Tyler C. Moffett, Atty., City of Port Angeles, Port Angeles, Wash., for appellee.

Before POPE and MERRILL, Circuit Judges, and PLUMMER,* District Judge.

PER CURIAM.

Appellant, presently in custody in the State of Washington, appeals from an order of the United States District Court for the Eastern District of Washington, Southern Division, dismissing his complaint which was based on the Civil Rights Act, 42 U.S.C.A. § 1983.

The reason stated for the court's order of dismissal was that appellant's claim could be litigated in the state courts of Washington and, in the absence of a showing that he had been denied access to that forum, the court declined to accept jurisdiction. In this situation we hold the order final and appealable.

In Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1960), the Supreme Court stated in part:

"It is no answer that the State has a law which if enforced would give

* Hon. Raymond E. Plummer, United States District Judge, Fairbanks, Alaska, sitting by designation.

relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked."

To the same effect, see Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967).

 The allegations in the complaint seem sufficient to raise issues of deprivation of rights secured to appellant by the Fifth and Fourteenth Amendments to the Constitution of the United States, and the allegations should be further considered by the district court. However, it would appear that on proper motion the action should be dismissed against the City of Port Angeles, Washington, it not being a person under the Civil Rights Act [Monroe v. Pape, supra, 365 U.S. 188–192, 81 S.Ct. 484–487], and the defendant Seldon Porter for lack of State action.

Reversed and remanded for action consistent with this opinion.