**Larry STRADLEY, Appellant,**

v.

**Richard R. ANDERSEN, as Chief of the Division of Police, Department of Public Safety, City of Omaha, Nebraska, Appellee.**

No. 71–1363.

United States Court of Appeals,
Eighth Circuit.

Feb. 29, 1972.

**1064**

Bennett G. Hornstein, Stanley A. Krieger, Bruce G. Mason, Omaha, Neb., for appellant.

James E. Fellows, Kent N. Whinnery, Omaha, Neb., for appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

Plaintiff-appellant brought this suit pursuant to 42 U.S.C. § 1983 alleging deprivation of his constitutional rights by the order of his employer, the Omaha Police Division, governing the length and style of hair and mustaches of Omaha police officers. The district court, Judge Denney, after hearing the evidence of the parties, dismissed the complaint for failure to exhaust administrative remedies through union contract and statutory grievance procedures, and for reasons of comity inhering in the abstention doctrine. Stradley v. Andersen, 334 F.Supp. 72 (D.Neb.1971).

In this case, however, the "right alleged is . . . plainly federal in origin and nature, . . . no underlying issue of state law [is] controlling, . . . [n]or is the federal right in any way entangled in a skein of state law that must be untangled before the federal case can proceed." McNeese v. Board of Educ.,

373 U.S. 668, 674, 83 S.Ct. 1433, 1437, 10 L.Ed.2d 622 (1963). The law is well-settled that in such cases the very purpose of § 1983 precludes forcing a forum choice on the plaintiff by requiring exhaustion of the state's avenues of litigation. Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 409–410, 30 L.Ed.2d 418 (1971); Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); McNeese v. Board of Educ., supra; Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The same reasoning makes it improper to abstain in this case. Wisconsin v. Constantineau, 400 U.S. 433, 439, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). The special circumstances attendant to enjoining a state prosecution are not present here and thus the district court's reliance on Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) is misplaced.

Reversed and remanded for a trial on the merits.