Tina M. COOK, a minor, by her father and next friend, John J. Cook

v.

Raymond G. EDWARDS, individually and as Superintendent of Schools for New Hampshire Supervisory Union Number 47, et al.

Civ. A. No. 72–89.

United States District Court,
D. New Hampshire.

April 14, 1972.

H. Neil Berkson, N. H. Legal Assistance, Keene, N. H., for plaintiff.

Richard G. Smith, Blodgett & Makechinie, Peterborough, N. H., for defendants.

## FINDINGS, RULINGS, AND ORDER ON MOTION FOR A PRELIMINARY INJUNCTION

BOWNES, District Judge.

This decision is precipitated by a civil rights action alleging that plaintiff's indefinite expulsion from school for intoxication violated her constitutional rights to due process of law and equal protection of the law. Jurisdiction is based on 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Plaintiff has also asked for a declaratory judgment that the statute which she alleges the School Board proceeded under be declared unconstitutional for vagueness.

The plaintiff now seeks a preliminary injunction returning her to school pending a hearing on the merits. The defendants have moved to dismiss on the grounds that the plaintiff has not exhausted her administrative remedies. Although I would be blind to the realities of the situation not to recognize that preliminary relief may well become the final remedy, the only questions before me are the motion to dismiss and whether or not a preliminary injunction should issue.

### THE FACTS

The plaintiff, a fifteen year old student at Conant High School, admittedly appeared at the school shortly before the end of the school day on Friday, March 10th, in an intoxicated condition. There is no evidence that she created any kind of disturbance, and it is clear that this was a first offense. The Superintendent of Schools called her parents, who came to the school immediately. He met with them in the Principal's office on the afternoon of March 10th and informed them that their daughter had committed a serious offense; that she was being suspended from school immediately; that he was going to recommend to the School Board that she be dismissed from school; that the School Board would meet to consider the matter on Monday, March 13th, and that both they and their daughter could attend the meeting; and that the school officials would attempt to help their daughter through family counselling services.

The plaintiff's parents did attend the school meeting on March 13th and were allowed to question those present. The plaintiff contends that the meeting was not a proper hearing, but merely a meeting which confirmed the decision of the Superintendent, and explained it to the parents. The defendants maintain that this meeting met the constitutional requirements of due process of law. I do not resolve the conflict at this time be-

cause of insufficient evidence as to how the meeting was conducted.

On April 3rd the School Board met again to provide the plaintiff with a rehearing and to consider her readmission to Conant High School. Ex. 1. Plaintiff was represented at this meeting by her attorney. The plaintiff and the defendants also disagree as to the purpose and effect of this meeting. The plaintiff claims that it was an attempt to get her back into school and was not a hearing on the reasons for her expulsion. The defendants assert that it was both and met the constitutional requirements of due process, if they were not met on March 13th. Here again the evidence adduced at the hearing was too limited to admit of a definite ruling at this time.

Plaintiff also attacks the two meetings on the grounds that participation in them by the Superintendent of Schools and the Principal of the High School militated against a fair and impartial hearing and deprived the plaintiff of her right to substantive due process.

The plaintiff is a good student with a record of A's and B's and a scattering of C's. She was suspended from school on two prior occasions, each time for less than a day; once for being off the school grounds without permission and the other time for cutting classes.

The administrative regulations of the Jaffrey-Rindge District provide in pertinent part:

Expulsion of any pupil will usually be preceded by some evidence of an undesirable behavior pattern. Because of this it is reasonable to expect that almost all expulsion will be preceded by numerous conferences with the parents and in most cases at least one suspension.

Before a principal recommends that a pupil be expelled, he should review the entire history of the pupil to be sure that expulsion is justified and is the only reasonable course left open.

All expulsions will originate as an indefinite suspension. At the time of the suspension the principal will indicate in his communications to the parent, Chairman of the School Board, and Superintendent, that he intends to recommend that the pupil be expelled. If a conference between the principal and the parent takes place and the decision to expel the pupil is not altered, the principal will request the Superintendent to take the appropriate steps.

There was no evidence of any undesirable behavior pattern by the plaintiff. Nor was there evidence of numerous conferences with the plaintiff's parents prior to the expulsion.

There is a sharp conflict as to which statute the School Board was proceeding under in expelling the plaintiff. The plaintiff claims that the statute followed was NH RSA 189:1–a and that it is constitutionally defective on due process and equal protection grounds.[1] The defendants assert that they were proceeding under NH RSA 193:13.[2]

1. *Duty to Provide Education.* It shall be the duty of the school board to provide, at district expense, elementary and secondary education to all pupils under twenty-one years of age who reside in the district, *provided that the board may exclude specific pupils for gross misconduct* or for neglect or refusal to conform to the reasonable rules of the school, and further provided that this section shall not apply to pupils who have been exempted from school attendance in accordance with RSA 193:5. [Emphasis added.] NH RSA 189:1–a.

2. *Suspension and Dismissal of Pupils.* The superintendent, or his representative as designated in writing, is authorized to suspend pupils from school for gross misconduct, providing that where there is a suspension lasting beyond five school days, the parent or guardian has the right to appeal any such suspension to the local board. Any suspension to continue beyond twenty school days must be approved by the local board. Any pupil may be dismissed from school by the local school board for gross misconduct or for neglect or refusal to conform to the rea-

Both statutes clearly provide that a pupil may be dismissed from school for "gross misconduct." Superintendent Edwards testified that part of the regulations of the Jaffrey-Rindge School District provide that the use or possession by any student on school premises of alcohol or drugs without more constitutes gross misconduct and calls for indefinite expulsion. He testified that this policy has been followed uniformly throughout the Jaffrey-Rindge School District and that when a student is expelled for such gross misconduct, an attempt is made to help the expelled student through family counselling and other such services. The Superintendent was of the opinion that this policy is an effective method of combatting the alcohol and drug problems that all schools face today to a greater or lesser degree and that reinstatement by the court of this plaintiff would have a harmful effect on this policy.

It is clear that part of the difficulty relative to the readmission to school of the plaintiff is the fact that she has not consulted the Monadnock Family Service as suggested by the defendants, but instead has been conferring with a professional social worker, Linda L. Dooley. The Superintendent believes that the attorneys representing the plaintiff have unduly interfered with the normal handling of a student's expulsion. The cross-examination of Superintendent Edwards by Attorney Berkson evinced a serious and bitter conflict between them as to how this matter should best be handled. Both the Superintendent and Attorney Berkson, because of their different approaches to this situation, may have forgotten, at least temporarily, that the basic issue is the future of the plaintiff, Tina Cook. I cannot help but remark that resort to the courts, which means invoking the adversary system with all its side effects, may not always be the best ways of solving problems of this nature. Compassion and understanding, which are vital ingredients where the future of a young girl is involved, seem to have fallen victim to the inevitable partisanship generated by the adversary process.

### RULINGS

■ The defendants have brought a motion to dismiss asserting that since the plaintiff appealed from the Superintendent's decision to the local School Board that she must follow NH RSA 193:13 and appeal to the State Board of Education before invoking the jurisdiction of this court. The motion is denied. Exhaustion of administrative remedies is not a prerequisite to proceeding under the Civil Rights Act. Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967), McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963), Monroe v. Pape, 365 U.S. 167, 180–183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Moreover, it is not clear at the present time whether the School Board proceeded under NH RSA 189:1–a or 193:13. In this connection, I point out that the letter from the Superintendent to the parents of the plaintiff informing them that their daughter had been expelled indefinitely did not mention that they had a right to appeal to the State Board of Education and there was no testimony that the parents were informed of this right by any of the defendants.

■ There is no question that the plaintiff will suffer irreparable harm if her school career is permanently terminated, and this may well result if her indefinite expulsion continues. She is a good student and is entitled to complete her high school education. No authority is needed for the fundamental American principle that a public school education

sonable rules of the school and said pupil shall not attend school until restored by the local board. Any dismissal must be subject to review if requested prior to the start of each school year and further,

any parent or guardian has the right to appeal any such dismissal by the local board to the state board of education. NH RSA 193:13.

through high school is a basic right of all citizens.

 I further find, based on the testimony of Linda Dooley and her affidavit, that it is probable that the plaintiff will suffer some psychological and mental harm if her indefinite expulsion continues much longer. There was considerable testimony about a problem of communication between the plaintiff and her parents. Superintendent Edwards is evidently of the opinion that the plaintiff should not be allowed to return to school until the problem between herself and her parents is solved. It is fundamentally unfair to keep a student out of school indefinitely because of difficulties between the student and her parents, unless those difficulties manifest themselves in a real threat to school discipline. There is no such evidence or claim here.

 The question of whether there has been a violation of procedural due process promises to be a difficult one and I cannot now say that it is probable that there has been a violation of procedural due process rights.

 However, the punishment of indefinite expulsion ∤ raises a serious question as to substantive due process. The result of indefinite expulsion may be the end of the plaintiff's scholastic career either because of its long continuance or because the plaintiff herself will decide to end the uncertainty of her punishment by quitting school entirely. Both the Superintendent of Schools and the School Board seem to have overlooked the proven fact that if punishment is to be an effective deterrent, it should be certain as well as swift. I can see good and sufficient reasons why a pupil who appears drunk on the school premises should be expelled from school for a definite period of time, or even permanently, if the circumstances warrant it, but I perceive no valid reason for making the expulsion indefinite. Neither the plaintiff nor her parents have been informed as to when she could apply for readmission to school or if she can reapply at all.

There has been no showing that Conant School will suffer any harm if the plaintiff is reinstated pending a final hearing on the merits. Superintendent Edwards adverted on the witness stand to the publicity that this case has received and the adverse effect it would have on the student body if I were to order the plaintiff reinstated in school pending a hearing on the merits. My concern is the plaintiff's constitutional rights. If judges, and particularly federal judges, were to tailor their decisions as to what they thought the public wanted, the rule of law and the protection that the Constitution affords every citizen of this country would soon vanish.

It is, therefore, ordered that pending a hearing on the merits or further order of this court, Tina Cook be readmitted to the Conant High School commencing Monday, April 17th, and that the defendants shall neither directly nor indirectly prevent her from attending classes and participating fully in the educational processes of Conant High School.

So ordered.