**Gwynn H. GILLIAM, Appellant,**

v.

**CITY OF OMAHA, a Municipal Corporation, et al., Appellees.**

No. 71–1697.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1972.

Decided April 25, 1972.

Ben Wall, Wall & Wintroub, Omaha, Neb., for appellant.

Kent N. Whinnery, Asst. City Atty., James E. Fellows, Omaha, Neb., for appellees.

Before VAN OOSTERHOUT, BRIGHT, and STEPHENSON, Circuit Judges.

PER CURIAM.

Gwynn Gilliam, a black woman, appeals from a district court order, 331 F. Supp. 4, dismissing her civil rights complaint for relief from the allegedly discriminatory employment practices of the defendant City of Omaha. On December 1, 1967, plaintiff was hired as a counselor by the Omaha Neighborhood Youth Corps, a project operated by the City of Omaha. She resigned from this position on April 10, 1970. After resigning, she filed a complaint with the Nebraska Equal Opportunities Commission (NEOC) alleging that she had been discriminated against by defendant because of her race and sex. On November 18, 1970, the NEOC held a hearing and made probable cause findings on two of plaintiff's claims. The NEOC has not yet rendered a final decision in this administrative proceeding.

On March 10, 1971, plaintiff filed the present action seeking relief under the provisions of 42 U.S.C. §§ 1981 and 1983. The district court dismissed the complaint on the ground that plaintiff had failed to exhaust her state administrative remedies. We reverse.

It is now well settled that the exhaustion of remedies requirement does not apply to claims for relief under the Civil Rights Acts. Carter v. Stanton, 405 U. S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (April 3, 1972); Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed. 2d 418 (1971); Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed. 2d 1319 (1968); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L. Ed.2d 647 (1967); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Stradley v. Andersen, 456 F.2d 1063 (8th Cir., 1972).

The remedy provided by these Acts "is supplementary to the state remedy,

and the latter need not be first sought and refused before the federal one is invoked." [Wilwording v. Swenson, 404 U.S. 249, 251, 92 S.Ct. 407, 409 (1971)]

The district court did not consider Monroe v. Pape, and its progeny to be controlling because the state administrative proceeding remained pending at the time plaintiff filed the federal action. This is not a meaningful distinction. Since the remedy provided by the Civil Rights Acts is supplementary to state remedies, the pendency of state proceedings is immaterial.

Reversed.