**Ernest BROOKS, Plaintiff-Appellant,**

v.

**CENTER TOWNSHIP, a municipality incorporated in Marion County, Indiana,**

· and

**Benjamin A. Osborne, Center Township Trustee and Overseer of the Poor in Center Township, Defendants-Appellees.**

No. 72–1921.

United States Court of Appeals, Seventh Circuit.

Argued May 22, 1973.

Decided Oct. 3, 1973.

John T. Manning, Louis F. Rosenberg, Indianapolis, Ind., for plaintiff-appellant.

Ernest P. Schnippel, Indianapolis, Ind., for defendants-appellees.

Before CLARK,* Associate Justice, KILEY, Circuit Judge, and CAMPBELL,** Senior District Judge.

* The Honorable Tom C. Clark, Associate Justice of the Supreme Court of the United States, Retired, is sitting by designation.

** Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

KILEY, Circuit Judge.

Plaintiff, Ernest Brooks, as representative of a class, filed this civil rights action alleging that defendants unconstitutionally terminated plaintiffs' rent and food assistance. On motion of defendants the district court dismissed the complaint.[1] Brooks alone has appealed.[2] We reverse.

The complaint was filed on June 3, 1971. The relief sought was for a declaratory judgment that defendants' practice of terminating benefits and dispensing poor relief violated the Due Process Clause of the 14th Amendment, for an order restraining defendants from termination of assistance except under specific procedural substantive and constitutional steps, and for an order reinstating certain plaintiffs on its relief rolls. After receiving eight extensions of time to answer, defendants, on March 10, 1972, filed their motion to dismiss asserting that there was no diversity jurisdiction, insufficient service of process, failure to exhaust administrative remedies, and lack of a substantial federal question. In response to the motion plaintiffs, inter alia, asserted that the motion did not specify how service of process was insufficient under federal or Indiana law. In any event they asserted that the thrust of their action was to establish deprivation of constitutional rights by virtue of defendants' pre-termination procedure under Indiana law, and that they were not required to exhaust post-termination remedies before bringing suit. The district court dismissed the complaint for failure of plaintiffs to exhaust their state remedy. Ind.Code § 12–2–1–18 (1971).

We take the allegations well pleaded by Brooks as true, for purposes of this

1. The court assumed jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343(3) and (4).

2. The district court granted leave to appeal in forma pauperis.

appeal.[3] He began receiving rent and food assistance from defendants in February, 1969. In May, 1970 his rental benefits, and in February, 1971 his food benefits, were terminated without prior notice or hearing or notice of his right of post-termination administrative appeal under Indiana Statute. Ind.Code § 12–2–1–18 (1971).

Brooks contends that he was not required to exhaust the Indiana "remedy" before filing his civil rights complaint, especially where the provisions of § 12–2–1–18 do not satisfy the due process and equal protection clauses of the Fourteenth Amendment. He contends, and we agree, that § 12–2–1–18 is unconstitutional for lack of due process under Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

## I

The district court's application of the exhaustion rule was premised upon plaintiff's failure to pursue the appellate remedy in Ind.Code § 12–2–1–18 (1971). That "poor relief" statute does not expressly deal with the termination process. Its provisions provide an appellate procedure to follow the decision of the "township trustee as overseer of the poor." The statute contains no procedural requirements at the "trustee or overseer of the poor" level. Brooks' claim of denial of due process is not aimed at the unconstitutionality of the provisions of § 12–2–1–18, but rather at the lack of that statute, or any Indiana statute, to provide due process at the level of the initial termination of relief.

The provisions of § 12–2–1–18 provide an applicant for, or recipient of, poor relief an opportunity to object to a denial or termination decision by the "trustee as overseer." The appeal is to the Board of County Commissioners, and on appeal the recipient is entitled to an opportunity to object orally or in writing, to be present at the appellate hearing and to receive notice of the decision. It

is clear that the statute does not require a hearing for recipients before termination of relief. No claim is made by defendants that a pre-termination hearing is required or given.

We hold that the statute is constitutionally infirm facially for want of due process in failing to provide, inter alia, a pre-termination hearing, an effective opportunity for Brooks to defend, and want of due notice of reasons for termination. Goldberg v. Kelly, 397 U.S. 254, 264–268, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

Defendants' arguments are of no aid in our decision of the legal question presented. The arguments are reminiscent of a chorus in a Greek tragedy chanting lamentations. The substance of the arguments is the dire effects of continuing the trend of recent welfare decisions. Nevertheless, we recognize the importance of not imposing upon Indiana any procedural requirements beyond those of rudimentary due process. Goldberg v. Kelly, *supra,* at 267, 90 S.Ct. 1011. But rudimentary due process was denied Brooks, who had no notice of, or reasons for, termination of benefits, no hearing and no notice of his appeal right.

The Goldberg v. Kelly case involved a federally assisted program, not a completely state funded program. It is of no consequence constitutionally that Indiana's "township poor relief program . . . is not a federally governed or directed program under the Social Security Act of 1935 or any other federal act of welfare or relief assistance" but is supported solely by the state. Indiana is required by the Fourteenth Amendment to provide due process in its laws. See Monroe v. Pape, 365 U.S. 167, 171–172, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961). The Civil Rights Act was intended to "override certain kinds of state laws." *Id.* at 173, 81 S.Ct. at 477. And if the state through its welfare program extends basic benefits to

---

3. The assistance record of Brooks appended to defendants' brief is not to be considered at this stage of the proceeding.

the needy, it must not take the benefits away in an arbitrary procedure. If it does so it has violated the constitutional right of the needy to due process and consequently violated the Civil Rights Act.

## II

■ We hold that the district court erred in deciding that Brooks was required to pursue what benefit Ind.Code § 12–2–1–18 (1971) offers to welfare recipients before filing his civil rights action.

The Supreme Court has been careful to avoid trespassing upon state jurisdiction in the civil rights area. See McNeese v. Board of Education, 373 U.S. 668, 673, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). Beginning with Monroe v. Pape, however, the Court has persisted in holding that the civil rights remedy under 42 U.S.C. § 1983 is supplementary to any state administrative remedies and that federal jurisdiction may be invoked without exhaustion of state remedies. In *Pape* the remedy was used in a search and seizure framework. In *McNeese* the holding in *Pape* was repeated in the context of alleged segregation of students in an Illinois school. The holding was reasserted in a per curiam opinion in Damico v. California, 389 U.S. 416, 417, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967), an action under § 1983 involving the California welfare laws. In Houghton v. Shafer, 392 U.S. 639, 640, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968), a per curiam opinion, where a prisoner claimed his civil rights were denied by state confiscation of legal materials, the Court stated that "resort to" remedies of state was unnecessary in the light of *Pape*, *McNeese* and *Damico*. Still another per curiam opinion, Carter v. Stanton, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972), held that a three-judge court improperly dismissed a complaint under § 1983 for failure to exhaust a state reme-

dy. *Carter* involved aid to dependent children, and the court on authority of *Damico*, "an indistinguishable case," held "exhaustion" was not required. In a civil rights action by Illinois relief recipients this court in Metcalf v. Swank, 444 F.2d 1353 (7th Cir. 1971), affirmed dismissal for failure to exhaust state remedy. The Supreme Court vacated and remanded for further consideration in the light of Carter v. Stanton. Metcalf v. Swank, 406 U.S. 914, 92 S.Ct. 1778, 32 L.Ed.2d 113 (1972).

In Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), the court cited *McNeese* and *Damico* for the proposition that the court had "expressly held in recent years that state administrative remedies need not be exhausted where the federal court plaintiff states an otherwise good cause of action under 42 U.S.C. § 1983." The court however qualified that statement by saying it need not decide "[w]hether this is invariably the case." In a factual situation such as the one there, where the state remedy was initiated and pending and the individual would be deprived of nothing until completion of the state proceeding, the question of exhaustion "remains open." *Gibson* is inapposite here because no Indiana state proceeding was or is pending with which a district court decision would interfere.

For the reasons given the district court judgment is reversed and the cause is remanded with directions to reinstate Brooks to the Center Township of Marion County, Indiana relief rolls from which he was unconstitutionally dropped; and for further proceedings with respect to what just compensation is due him from defendants for what injury the evidence shows he suffered as a result of the unconstitutional arbitrary termination of his "poor relief" benefits.

Reversed and remanded with directions.