Daniel FRIEDLANDER et al.,
Plaintiffs-Appellants,

v.

Joseph CIMINO, M.D., Individually and as Commissioner of the Department of Health of the City of New York, et al., Defendants-Appellees.

No. 962, Docket 75–7122.

United States Court of Appeals, Second Circuit.

Argued June 3, 1975.

Decided July 9, 1975.

Henry B. Rothblatt, New York City (Rothblatt, Rothblatt, Seijas & Peskin, New York City, of counsel), for plaintiffs-appellants.

David R. Spiegel, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for defendants-appellees Ingraham and the Public Health Council.

David W. Fisher, New York City (W. Bernard Richland, Corp. Counsel of the City of New York, Charles W. Segal, New York City, of counsel), for defendants-appellees Cimino, Chase and the City of New York.

Before KAUFMAN, Chief Judge, and SMITH and MESKILL, Circuit Judges.

PER CURIAM:

The appellants in this appeal initiated the underlying class action, 42 U.S.C. Sec. 1983 suit in the District Court for the Southern District of New York. The appellants are non-physician, self-em-

ployed clinical laboratory directors who are subject to certain licensing requirements of New York State law and New York City Health Code regulations.[1] In their complaint, the appellants alleged that the defendants below had violated their Fifth, Thirteenth and Fourteenth Amendment rights by requiring them, but not certain physicians, to perform proficiency tests prepared and graded by the Department of Health of the City or State of New York.[2] Section 13.03(a) of the New York City Public Health Code and Section 579 of the New York Public Health Law, McKinney's Consol.Laws c. 45, exempt licensed physicians and their employees from the proficiency testing requirements if the chemical analyses being performed are done "solely as an adjunct to the treatment of [their] own patients." This exemption does not extend to physicians who operate "clinical laboratories."

The District Court, upon motions made by the City and State defendants, dismissed the complaint for failure to state a substantial federal question upon which jurisdiction may be founded.

█ In dismissing the complaint, the District Court gratuitously added that "If plaintiffs feel that defendants are failing to observe the standards prescribed in the statutes and regulations, they should seek relief from the administrative agencies involved and, if that fails, in the State Courts." We understand this comment to be only a suggestion to the plaintiffs and not the court's opinion with respect to the exhaustion of state remedies doctrine. Since the ap-

pellants in this case have challenged discriminatory agency enforcement, their only meaningful state remedy would· be judicial. It is clear, however that exhaustion of state judicial remedies is not required in a case brought pursuant to 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 1343. *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) and the cases cited therein at p. 473, 94 S.Ct. 1209. *See also Damico v. California*, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967).

After hearing oral argument, the only issue left for this Court to decide is whether the complaint sufficiently alleges discriminatory enforcement of the law; i. e., a violation of the appellants' equal protection rights guaranteed by the Fourteenth Amendment of the Constitution.[3]

Appellants allege that the City and State Departments of Health "permit groups of physicians to operate clinical laboratories in violation of the licensing and performance testing requirements of the applicable law."[4] They also allege that the City Department of Health permits these physician-operated laboratories to perform tests "on referral from other physicians in violation of the licensing and performance testing requirements to which licensed laboratories are subjected."[5]

█ In its opinion, the District Court found that "[p]laintiffs fail to allege in their complaint that defendants had knowledge of these violations." Relying on *Snowden v. Hughes*, 321 U.S. 1, 8, 64

1. Pursuant to New York Public Health Law, Secs. 572(2) and 574(2), the City of New York promulgated regulations (Article XIII New York City Public Health Code) for the operation of "clinical laboratories" within the City. Clinical laboratories located outside the City of New York are regulated in essentially the same manner under New York Public Health Law Sec. 574(1).

2. The defendants below are the City, State, and Federal agencies and their officers charged with enforcing the statutory framework complained of.

3. At oral argument, appellants abandoned their claim that having to perform proficiency tests on specimens at their own expense was an unconstitutional taking of their property without due process of law. They also dropped reliance on their claim that the statutory exemption of physicians from the proficiency testing requirements, when such physicians are engaged in chemical analyses solely for their own patients, was an unconstitutional denial of equal protection.

4. Complaint, paragraph 26.

5. Complaint, paragraph 27.

S.Ct. 397, 88 L.Ed. 497 (1944) the District Court concluded that appellants had not alleged all of the elements necessary for a successful equal protection claim. *Snowden* clearly holds that intentional or purposeful discrimination. is an essential element of a valid claim of unconstitutional, unequal statutory enforcement.

 While clarity and precision are desirable in any pleading, the Federal Rules of Civil Procedure (F.R.C.P.) require little more than an indication of the type of litigation that is involved. A generalized summary of the claims and defenses, sufficient to afford fair notice to the parties is enough. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); See 2A *Moore, Federal Practice* Sec. 8.02 at p. 1611 (2d ed., 1974). Rule 8(a)(1) requires that a plaintiff plead his basis for federal·jurisdiction. That requirement, however, is met by the plaintiff's alleging a set of facts which show that the defendant has violated his constitutionally guaranteed equal protection rights.[6] *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Cf. *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir., 1944), *application denied* 326 U.S. 698, 66 S.Ct. 481, 90 L.Ed. 411 (1946). Furthermore, F.R.C.P. 8(f) instructs the courts to construe pleadings so as to do substantial justice.

 Appellants' complaint sufficiently pleaded purposeful discrimination for jurisdictional purposes under the equal protection clause. In paragraphs 26 and 27 of their complaint, appellants, who are subject to the above-mentioned re-quirements set forth .in the New York Public Health Law and the New York City Public Health Code, charged that the defendants "permit"· violations of those laws by physicians. *Webster's Third New International Dictionary* (Unabridged) (1963), defines "permit" as follows: "(1) to consent to expressly or formally: grant leave for or the privilege of; ALLOW, TOLERATE." The use of the word "permit" in paragraphs 26 and 27 of the complaint is broad enough to provide sufficient notice that the defendants knowingly and purposefully allowed physicians to violate the relevant laws.[7]

The appellants went further in their claim of purposeful discrimination aimed at driving them out of business by unregulated competition.

Paragraph 44 of the complaint alleges:

"The . . . enforcement policy of the various defendant agencies charged with enforcing the laws and promulgating regulations pursuant thereto are purposefully designed to promote the private interests of pathologists and to establish a monopoly for pathologists in the clinical laboratory profession."

Factual evidence adduced on a motion for summary judgment or at trial may show that these charges are groundless. That decision, however, should not have been made on the motion to dismiss.

Giving the complaint the liberal interpretation required by the rules, we hold that it did state a substantial federal question upon which jurisdiction may be founded. The District Court should have denied the State and City defendants' motions to dismiss the complaint.

Reversed and remanded.

---

**6.** Jurisdiction in the instant case was alleged under 28 U.S.C. § 1343. It is also sustainable under 28 U.S.C. § 1331(a), the complaint having alleged damages in excess of $10,000.

**7.** Indeed, the defendants were quite aware that they were being charged with purposeful allowance of violations by physicians, as is witnessed by their submission of an affidavit denying any knowledge of such violations.