Fred Thomas WHITE, Plaintiff,

v.

Harold J. SMITH, Superintendent, Attica Correctional Facility, Doris M. Beitz, Head Clerk, Attica Correctional Facility, Charles Scully, Deputy Superintendent, Attica Correctional Facility, and Edith Almeter, Clerk, Attica Correctional Facility, Defendants.

No. CIV–79–9E.

United States District Court,
W. D. New York.

Oct. 16, 1981.

Fred Thomas White, pro se.

Douglas S. Cream, Asst. Atty. Gen., State of New York, Buffalo, N. Y., for defendants.

MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff in this pro se civil rights action was granted permission to proceed in forma pauperis January 26, 1981. In my Memorandum and Order I outlined plaintiff's allegations and cited legal authority to the effect that, as presented, plaintiff's contentions pose tenable constitutional claims.

The Complaint was served on defendants January 29, 1981. By their attorney, New York State Assistant Attorney General Douglas S. Cream, defendants moved for additional time to answer in order to obtain information concerning a purportedly related action filed by plaintiff in the United States District Court for the Northern District of New York. At oral argument March 9, 1981 I granted defendants' request over plaintiff's written objections.

April 1, 1981, two months after they were served, all four defendants jointly filed their Answer, recounted in full below.[1]

As a general rule, federal court pleadings need not be extensive or detailed. On the contrary, Fed.R.Civ.P. rule 8(b) requires only that defenses shall be stated "in short and plain terms." For the most part, denials are to be "specific denials of designated averments or paragraphs." However, general denials which controvert all of a complaint's averments are acceptable under the rule if they are made "in good faith" subject to the obligations of Fed.R.Civ.P. rule 11.[2]

■■■■ These few basic requirements are exceedingly simple to meet. The federal rule does not contemplate an elaborate reply to every allegation of a complaint. It does not bind a defendant to his, her, or its responses for all time. It does not even condemn averments of insufficient information or knowledge upon which to form a belief as to the truth of the complainant's allegations. The rules governing responsive pleadings require merely that an answer be sufficiently particular to inform the plaintiff what defenses he, she, or it will be called upon to meet. *See, Wyshak v. City National Bank,* 607 F.2d 824, 827 (9th Cir. 1979); *Friedlander v. Cimino,* 520 F.2d 318, 320 (2d Cir. 1975); *Yarnell v. Roberts,* 66 F.R.D. 417, 423–24 (E.D.Pa.1975). Nonetheless, the "form answer" submitted by defendants in this action does not come close to complying with the Federal Rules of Civil Procedure, not to mention basic notions of due process, adequate notice and fair play.

Although plaintiff is proceeding *pro se,* his claims are plainly and cogently presented. Admittedly, there is no numbering or other denomination of his separate allegations; but, essentially, he alleges that, despite the pendency of a state habeas corpus challenge to his extradition to North Carolina, defendants delivered him to the North Carolina authorities before the hearing.

Unlike many other *pro se* complaints filed in this court, this Complaint raises allegations which do not hinge solely on plaintiff's word against the defendants' words. Such a situation arises, for instance, where a prisoner alleges that a certain correctional officer physically assaulted him or denied him adequate medical care. In those types of cases, the use of a general denial, while not necessarily condonable, is more understandable due to the obvious difficulty of discussing an incident which defendants deny having occurred at all.

On the contrary, plaintiff's description of the events surrounding his extradition are

---

1. The body of defendants' Answer is as follows:

   "Defendants, HAROLD SMITH, DORIS BEITZ, CHARLES SCULLY, EDITH ALMETER, as and for their answer to the complaint, by their attorney, Robert Abrams, Attorney General of the State of New York, Douglas S. Cream, Assistant Attorney General, of counsel, set forth as follows:

   "1. DENY each and every allegation of the complaint which allege [sic] or tends to allege that they violated any of plaintiff's constitutionally protected rights.

   "AS AND FOR AN ADDITIONAL AND FURTHER DEFENSE:

   "2. The complaint fails to state a claim upon which relief can be granted.

   "AS AND FOR AN ADDITIONAL AND FURTHER DEFENSE:

   "3. The defendants are immune from liability.

   "AS AND FOR AN ADDITIONAL AND FURTHER DEFENSE:

   "4. At all times herein relevant, the defendants were employed by the New York State Department of Correctional Services.

   "5. All acts performed by the defendants were performed by them within the scope of their duties.

   "6. All acts performed by defendants were performed in the reasonable and good faith belief that those acts would not violate any of plaintiff's constitutionally protected rights."

2. Rule 11 states, *inter alia,* that "[t]he signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." The Rule provides, further: "If a pleading * * * is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action."

meticulously detailed and quite specific. He includes all critical names and dates. Finally, attached to the Complaint are various documents pertaining to his detainer, state habeas corpus petition, and subsequent extradition which, in the court's view, tend to support his claim.

Surely it would not have been an onerous burden for defendants' attorney to compare plaintiff's averments and attached documents to defendants' own records to enable him to frame meaningful and responsible answers to plaintiff's charges. Was or was not plaintiff under detainer? Did he or did he not challenge his detainer with a state habeas corpus petition? Did a state judge actually set a hearing date? Was plaintiff permitted to attend the hearing, or did defendants execute his extradition before the hearing was held? I see no reason why defendants' attorney would have found it difficult to respond to these and other claims raised by plaintiff.

The absurdity of defendants' general denial appears all the more flagrant when the answer is compared to plaintiff's claims. Three examples will suffice, though many more are obvious. If defendants' general denial is to be believed, then notwithstanding the Complaint and its Exhibit B, the District Attorney of North Carolina did not request a detainer against plaintiff; notwithstanding the Complaint and its Exhibit F, Acting Superintendent Scully did not sign and send an "Offer to Deliver Temporary Custody" of plaintiff July 13, 1978; and notwithstanding the Complaint and its Exhibit I, Doris Beitz neither was informed that plaintiff's petition for habeas corpus was made returnable before the Honorable John S. Conable August 23, 1978 nor informed plaintiff of the hearing date in an inter-office communication dated August 7, 1978.

On the basis of defendants' wholly inadequate response to plaintiff's clearly framed allegations, I can only conclude that defendants' general denial is neither offered in "good faith," Fed.R.Civ.P. rule 8(b), nor complies with Fed.R.Civ.P. rule 11. For all the reasons discussed above, I would be stretching attorney Cream's credibility far beyond the realm of rationality were I to find that "to the best of his knowledge, information, and belief there is good ground to support [his general denial]." Fed.R. Civ.P. rule 11.

Furthermore, the steps taken by defendants' counsel before submitting the answer strongly suggest that the answer was "interposed for delay," another component of rule 11. My Memorandum and Order of January 27, 1981, footnote 1, expressly discussed plaintiff's complaint in the United States District Court for the Eastern District of North Carolina and found the corresponding claim to be against a North Carolina police officer. Even so, defendants felt compelled to move for a two-month extension of time to answer in order to obtain records relating to a similar complaint brought by plaintiff in the United States District Court for the Northern District of New York, which, according to defendants' attorney, plaintiff referred to in his Complaint in this action. A review of the Complaint, my Order of January 27th and plaintiff's "Motion in Opposition" to defendants' Motion for an extension of time would have revealed to defendants' attorney that plaintiff's other federal action was before the United States District Court for the Eastern District of North Carolina, rather than the Northern District of New York. Nevertheless, I granted defendants' motion for the purpose requested. Under these circumstances, it is particularly significant that defendants' unresponsive answer fails to make even the briefest mention of either the existence or non-existence of the court records for which he purportedly was searching.

The overwhelming weight of logic demands the conclusion that delay, not the judicial resolution of this lawsuit, was first and foremost on defense counsel's mind when he signed and submitted defendants' responsive pleading. In what might easily have been a relatively simple case, defense counsel apparently prefers to impose rather than eradicate obstacles to an expeditious resolution of this action.

Under the circumstances of this case, appropriate sanctions are more than justified. As noted *supra*, footnote 2, a pleading filed in violation of Fed.R.Civ.P. rule 11 may be stricken as sham and false and the action may proceed as though the pleading had not been served. I am satisfied that such a penalty is fully warranted in this matter. *See Nemeroff v. Abelson*, 469 F.Supp. 630, 640 (S.D.N.Y.1979), *aff'd in part, rev'd in part,* 620 F.2d 339 (2d Cir. 1980); *Freeman v. Kirby*, 27 F.R.D. 395 (D.D.C.1961).

Nevertheless, because counsel for defendants has been permitted in the past to use this same type of unresponsive answer and because he and his office should have some advance warning prior to the imposition of the ultimate sanction of entry of a default and the proving up of a default judgment—and this Memorandum and Order is such a warning that such will occur in future similar situations—it is hereby

ORDERED that the defendants' Answer is stricken; and it is further hereby

ORDERED that defendants shall file an answer or answers to the Complaint not later than twenty (20) days after the entry of this Order.