Jesse Lynn VIEMEISTER–GENTLEWOLF, Miriabi Jennawolf Gentlewolf–Grzywacz and Kevin John Wright, Plaintiffs,

v.

Catherine BARROWS, individually and in her official capacity as Animal Control Officer of Brattleboro, Vermont, and in her official capacity as an employee and agent of the Windham County Humane Society, Sandra Sluter, individually and in her official capacity as an employee and agent of the Windham County Humane Society, Windham County Humane Society, Inc., Town of Brattleboro, Vermont Police Department, Town of Brattleboro, Vermont, Troy Smith, individually, and in his official capacity as a Brattleboro, Vermont Police Officer, Various Veterinarians, individually, and operating as Professional Corporations, whose names are, at this time, unknown, Defendants.

No. 2:96 CV 230.

United States District Court,
D. Vermont.

Feb. 4, 1997.

David R. Singiser, Bennington, VT, for plaintiffs.

James Patrick Carroll, Carroll, George & Pratt, Rutland, VT, James F. Carroll, Powers, English & Carroll, Middlebury, VT, for Catherine Barrows.

Harold E. Eaton, Jr., Eaton & Hayes, P.C., Woodstock, VT, Douglas Richards, Richards & Brady, Springfield, VT, Joseph Charles Galanes, Biggam, Fox & Skinner, Montpelier, VT, for Windham County Humane Society, Inc.

Nancy Goss Sheahan, McNeil, Leddy & Sheahan, P.C., Burlington, VT, for Town of Brattleboro, Vermont Police Department, Town of Brattleboro.

Harold Phillip Berger, Ryan, Smith & Carbine Ltd., Rutland, VT, Eileen Isabel Elliott, Vermont's Atty. General's Office, Montpelier, VT, for Allen Weeks.

Lawrence Miller, Miller & Faignant, P.C., Rutland, VT, for Lance C. Shader, Lance C. Shader, P.C.

## OPINION AND ORDER

SESSIONS, District Judge.

This is a civil suit brought by Plaintiffs Jesse Lynn Viemeister–Gentlewolf, Miriabi Jennawolf Gentlewolf–Grzywacz and Kevin John Wright for damages allegedly caused by seizure of their Australian Shepard dogs pursuant to a warrant issued by the Vermont District Court in July 1993. Plaintiffs allege that Defendants conspired to commit and did commit numerous criminal violations and seek relief under 18 U.S.C. § 1962(a), (b) and (c); 42 U.S.C. § 1983 and § 1988; fraud and various other state law claims.

Defendant Barrows and Defendants Town of Brattleboro and Brattleboro Police filed Motions for Judgment on the Pleadings un-der Fed.R.Civ.P. 8 (Paper nos. 35 and 33 respectively), alleging that Plaintiffs' Complaint is too long and confusing to comply with the rule.

Fed.R.Civ.P. 8(a) provides in pertinent part that a pleading which asserts a claim for relief must contain the following: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Under Rule 8(e)(1), each averment in the pleading must be "simple, concise, and direct." The purpose of the rule is to give adequate notice to the parties of the nature of the claim. *Friedlander v. Cimino*, 520 F.2d 318, 320 (2d Cir.1975). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 C. Wright and A. Miller, Federal Practice & Procedure § 1217, at 169 (1990).

The Complaint includes one hundred thirty-nine pages and over five hundred paragraphs. It describes claims against individuals, including the Governor and Commissioner of Agriculture for the State of Vermont, which have since been dismissed as unopposed. The Complaint is not simple, concise or direct. It violates Fed.R.Civ.P. 8(a) and 8(e)(1).

Defendants' Motions are GRANTED, and the Complaint is dismissed, *without prejudice,* for violation of Rule 8.